1842.

Talmage
v.
Pell.

---

TALMAGE, President, &c. *vs.* PELL and others.

All the complainants in a cross bill must join in the application to stay the proceedings in the original suit until the complainants therein have answered the cross bill. And to entitle the complainants in the cross bill to such an order, the matters stated in the cross bill must be sworn to by some person who knows the facts.

Where new matters of defence to a suit are discovered after the filing of the defendant's answer, but which matters existed before the answer was put in, the proper course for the defendant is to apply for leave to file a supplemental answer. And it seems such matters of defence cannot be set up in the cross bill only.

Under the act of 1832, relative to the abatement of suits by or against corporations, a suit which has been brought by a corporation may be continued by the receiver of such corporation, either in his own name as such receiver or in the name of the corporation, under an order of the court, made upon a summary application.

Associations under the general banking act are corporations, and suits brought by them in the name of their president may be continued in the name of the receiver, under a special order of the court. But after the appointment of a receiver, and the transfer to him of all the property and effects of the association, such suits cannot be continued and prosecuted in the name of the president of the association.

March 1.

THIS was an application by Pell and wife, two of the defendants in this cause and two of the complainants in a cross bill, to stay all the proceedings in this suit until the present complainant therein, and the other defendants in the cross bill had put in and perfected their answers to such cross bill ; and to extend the time to produce proofs until forty days after such answers to the cross bill had been perfected. The bill in this cause was filed to obtain satisfaction of a bond and mortgage, which bond was executed by Pell, and the mortgage by him and his wife, and also by Selden as the trustee of her separate estate, and given to the president of the North American Trust and Banking

Company to secure the payment of $15,000, for the purchase money or subscription price of some of the stock of that association. The bill was filed in November, 1839, and was taken as confessed against all the defendants therein except Pell and wife. They having obtained time to answer the bill, by various orders and otherwise, for a very long period after they entered their appearance, finally put in their joint and several answers, in May, 1841, setting up certain matters in defence of the suit ; which matters their counsel insisted was a defence of usury. A replication to the answer was filed, and an order to produce proofs was entered and served on the 15th of June, 1841 ; and the time was afterwards extended at the request and for the accommodation of the defendants, until the fourth of January, 1842. On the 31st of December, 1841, Pell and wife and D. Selden filed a cross bill, against Talmage the president of the banking association, and nineteen other persons who were the original associates in the formation of the North American Trust and Banking Company, setting forth various frauds and alleged illegal acts in the formation of the association, and in the sale and distribution of the stock thereof, among themselves and other persons who subsequently became subscribers for the stock of the company. That bill also stated that D. Leavitt had, since the commencement of this suit, and the joining of the issue therein, been appointed receiver of the property and effects of the pretended association called the North American Trust and Banking Company, and that by virtue of such appointment all the rights of the association and of the complainant as president thereof, if any they had, were vested in such receiver ; who claimed that the association was duly organized under the act " to authorize the business of banking," and as such had rights cognizable at law and in this court. And the complainant prayed that Leavitt the receiver, and the other defendants, might be decreed to deliver up and cancel the bond and mortgage, and for general relief.

*J. V. L. Pruyn*, for the complainant.

*Azor Taber*, for Pell and wife.

THE CHANCELLOR. A great variety of objections exist to the granting of the motion in this case ; many of which are merely technical, but some of them are of a substantial character. One objection of form is that the motion is not made in behalf of all the complainants in what is called the cross bill, but is made by Pell and wife only, without joining their co-complainant who is the trustee of her separate estate. If he has any interest in the defence of this suit as trustee, he should have put in an answer thereto, and should have joined in this application. And if the whole legal and equitable title to the mortgaged premises is in Pell and wife, under the provisions of the 47th and 49th sections of the articles of the revised statutes relative to uses and trusts, Selden should not have been a complainant in the cross bill. (*Cuff* v. *Platell*, 4 *Russ. Rep.* 242. *The King of Spain and others* v. *De Machado, Idem.* 225. *Delondre & Pelletier* v. *Shaw*, 2 *Sim. Rep.* 237.) The objection, however, that one of the complainants has no interest in the subject matter of the bill, must be taken advantage of by demurrer, or in the answer of the defendant, where the objection appears on the face of the bill. For after the parties have gone to a hearing upon the pleadings and proofs, those who are properly made complainants will not be turned around to a new suit upon this mere formal objection. (*Rafferty* v. *King*, 1 *Keen's Rep.* 601. *Trustees of Watertown* v. *Cowen*, 4 *Paige's Rep.* 515.)

Again ; the facts in this cross bill are not sworn to in such a manner as to entitle the complainants therein to a stay of the proceedings in the original suit. They are stated on mere information and belief. And it is not pretended that Leavitt, upon whom the rights of the association in the bond and mortgage have devolved as receiver, has any knowledge of the supposed facts stated therein, so as to en-

able him to admit or deny them by his answer, or upon this motion. Instead of founding their application upon mere belief, the complainants in the cross suit should have procured the affidavit of the person who gave them the information, if he knew that the allegations in the cross bill were founded in fact. Besides, the receiver is not properly made a party to the cross bill. For although there is a prayer that he may answer, and for relief against him, his name is not mentioned in the prayer for subpœna, nor is he referred to in any other way in such prayer for process. And the rule of the court is, that a person against whom process of subpœna is not prayed, although he is named in the bill, is not a defendant to the suit. (*Story's Eq. Pl.* 43, § 44. 2 *John. Ch. Rep.* 245.) I am also inclined to think that it is a substantial objection to this application that the cross bill sets up no new matters of defence, to the original suit, which did not exist at the time of the putting in the answer of Pell and wife in that suit, and does not show that any discovery is necessary as to the only defence which is set up in their answer. The proper course, where a new matter of defence is discovered after the putting in of the answer but which existed before, appears to be to apply for leave to file a supplemental answer, setting up such defence, instead of resorting to a cross bill merely. (*See* 2 *Ves. & Bea. Rep.* 16.)

It also appears from the cross bill that this suit has become defective, in consequence of the appointment of a receiver in whom the whole rights of Talmage, as president of the North American Trust and Banking Company, in the subject matter of controversy in this suit and of the association itself, have become vested, either by assignment or by operation of law. The receiver must therefore be made a party to this suit before the same can be further proceded in. (*Sedgwick* v. *Cleveland*, 7 *Paige's Rep.* 287.) And no order affecting his right to take the proper measures to have himself substituted as complainant in this suit, and to proceed therein to a decree, can be made without notice to him or to his solicitor.

1842.

Talmage
v.
Pell.

The first section of the act of April, 1832, relative to the abatement of suits by or against corporations in certain cases, (*Laws of* 1832, *p.* 509,) declares that the dissolution of a corporation by a decree of the court of chancery, or by the expiration of its charter, or otherwise, shall not abate any suit or proceeding in favor of such corporation which shall have been pending at the time of such dissolution. And it authorizes such suits to be continued, by the receiver or trustees on whom the corporate effects have devolved, in the name of the corporation or of the receiver or trustees ; who may be substituted as plaintiffs by the direction of the court in which the suit shall be pending, and subject to such order as the court may deem expedient in relation to the payment or security for costs. This section does not, in terms, authorize the substitution of the receiver of a corporation as the complainant in the suit, where such corporation was not actually dissolved at the time of the appointment of such receiver. But the last clause of the second section can have no sensible construction, unless we suppose the legislature intended, in cases where a receiver had been appointed by this court, that old suits might be carried on, as well as new suits instituted, either in the name of the corporation or of such receiver ; even in cases where the corporation was not actually dissolved. The legitimate construction of these statutory provisions therefore is, that where a suit in this court which has been brought by a corporation, either in its corporate name or in any name in which by law it is authorized to institute a suit here, and a receiver is appointed at any time before the termination of the suit, the court, upon a summary application by such receiver, and without the formality of filing a bill in the nature of a bill of revivor and supplement, may direct the suit to be continued in the name of such receiver ; or may direct it to be prosecuted in the name of the corporation, upon giving to the defendant therein such security for his costs as the court may think proper to direct.

This suit was in fact brought for the benefit of the North

American Trust and Banking Company, although instituted in the name of its president. And, if these banking associations are in fact corporations, this was a suit in favor of that corporation, and may be continued by an order that it proceed in the name of the receiver, under the statutory provisions which I have referred to. Or, it may be continued by an order that it proceed in the corporate name of the association, upon the receiver giving security for costs. But the act of April, 1832, makes no provision for continuing a suit, which has become thus defective, in the name of an officer of the corporation. Nor do the 21st and 22d sections of the act of 1838, to authorize the business of banking, extend to this case. For Talmage, the president of the company, in whose name the suit was proceeding at the time it became defective by the appointment of Leavitt as the receiver of the property and effects of the association, had neither died, resigned, nor been removed from office. Nor can the receiver, in any sense, be considered as the successor in office of Talmage the president of the company.

In the case of *Warner* v. *Beers*, (23 *Wend. Rep.* 100,) I came to the conclusion that these banking associations were in fact corporations, authorized to exercise certain corporate powers during the continuance of the law under which they were organized. And there is nothing in the resolutions of the court for the correction of errors in that case, in the adoption of which I concurred, inconsistent with the opinion which I there expressed. The supreme court also has repeatedly decided that banking associations are in fact corporations. And in the recent case of *The People ex rel. The Bank of Watertown* v. *The Assessors of the Village of Watertown*, (1 *Hill's N. Y. Rep.* 616,) that court held that they were liable to be assessed as corporations, upon their capital stock, in the same manner as the safety fund banks and other monied corporations are liable to be assessed.

The motion to stay the proceedings in this cause until the cross bill is answered must be denied with costs. But

the suit cannot be further proceeded in by the receiver in the name of Talmage as president of the association. The receiver is at liberty, however, to apply for an order to continue the suit in his own name, if he thinks proper to do so.