# CHANCERY SENTINEL.

C. F. Paul, Publisher.]    $1.00 per annum.    [O. L. Barbour, Reporter.

Vol. 6.]        Saratoga Springs, August 4, 1846.        [No. 4.

## Court of Chancery.

## DECISIONS OF THE CHANCELLOR,
### AUGUST 4, 1846.

*David Patterson* v. *Robert Elder et al.*\*  J. BLUNT, for complainant; H. F. CLARK for defendant.  Application for an attachment for violation of injunction granted as to defendants Elder and Ridabock, and denied as to defendant Hamilton.

*Henry P. Wilson* v. *Daniel Wilson et al.*  A. THOMPSON, for appellant; B. W. BONNEY, for respondent.  Appeal from an order of a vice chancellor refusing to overrule a plea in a foreclosure suit as frivolous and for the usual decree pro confesso for want of an answer.  The complainant was the assignee of a bond and mortgage given by the defendant D. Wilson who was still the owner of the equity of redemption.  The defendant Nowal was made a party as a subsequent incumbrancer having a lien by judgment.  Previous to the commencement of this suit, Nowal had filed a creditors bill upon his judgment against D. Wilson the mortgagor, in which suit, after the filing of the bill in this cause, Nowal obtained the usual order for the appointment of a receiver; and the defendant Wilson afterwards assigned all his property—including his equity of redemption in the mortgaged premises—to the receiver.  Nowal pleaded these facts in bar of the suit generally; insisting that the receiver was a necessary party.

The chancellor *held* that the matter pleaded was no bar even to the further continuance of the suit—the suit which was properly commenced being neither barred or abated by the appointment of a receiver of one of the defendant's *pendente lite*.  That, at most, the matter pleaded would only render the suit defective so as to make it irregular for the complainant to proceed until the receiv- *Effect of assignment to receiver appointed in another suit pendente lite.*

\*Decided July 7, 1846.

4

er is brought before the court by a supplemental bill in the nature of a bill of revivor, and that the facts pleaded did not constitute the proper subject of a plea of any kind.

The chancellor also held that if the suit has become so defective that it is improper for the complainant to proceed until the receiver is brought before the court, the proper course for the defendant Nowal was to apply for an order that the complainant bring the receiver before the court, by a supplemental bill in the nature of a bill of revivor, within a time to be fixed, or that the bill be dismissed; and that in the meantime all proceedings be stayed.

The chancellor, however, came to the conclusion that the parties in interest are sufficiently represented to render it unnecessary to file a supplemental bill to bring the receiver before the court to make the decree binding upon him as the assignee of the equity of redemption *pendente lite.*

Order appealed from reversed with costs, and plea overruled as frivolous, with costs of motion, and defendant Nowal to pay the costs and put in his answer, on oath, within thirty days.

*Alexander M. Gregory* v. *Philip C. Harmon et al.* WM. CURTIS NOYES, for complainant; D. B. OGDEN, for defendant. Motion to dissolve injunction denied. Order directing a reference to master Robinson to appoint a receiver of the partnership property and effects and to take from him the proper security. Neither party to have costs as against the other upon these applications.

*Grace R. Ferguson* v. *James Ferguson.* J. R. WHITING and B. SILLIMAN, for appellant; JOSEPH L. WHITE, for respondent. Order of the vice chancellor awarding a new trial of the feigned issue, affirmed.

*Adeline Cecilia Hathaway,* by her next friend v. *William Hathaway.* J. L. WHITE, for appellant; O. L. BARBOUR, for respondent. Order appealed from, affirmed, with costs to be paid by the next friend of the complainant.

*Catherine Cook* v. *Charles Cook.* L. R. MARSH, for appellant; D. D. HILLIS, for respondent. Order opening decree of affirmance which was taken by default; on condition that appellant is not to be at liberty, upon the argument of the appeal, to insist upon any