WILSON, receiver, &c. *vs.* ALLEN and others.

The object of a case, under the code of procedure, of 1848, made by a party desiring a review upon the evidence appearing on the trial before the referee, is to enable the appellant to call in question the facts stated by the referee in his report.

It is analogous to the old practice of moving to set aside a report as being against the weight of evidence. If the admissions in the pleadings, and the other evidence in the cause, warrant the finding of the facts as stated by the referee, in his report, it can not be set aside as being against evidence.

A receiver, duly appointed in a creditor's suit, can maintain an action of trover for the property belonging to the defendants therein, without showing an assignment executed by all of such defendants.

The order for the appointment of a receiver, in a creditor's suit, followed up by a consummation of the appointment by the giving of bail, vests the personal estate and equitable interests of the judgment debtors in such receiver, as of the date of the order, without the execution of any transfer or assignment.

This was a civil action, commenced and carried to judgment under the code of 1848. It was tried before a sole referee, in pursuance of title 8, chapter 5, of the code, and a report was made in favor of the plaintiff for $150. According to the former division of actions, it was trover for three sets of stove patterns. The defendant excepted to the decision of the referee in reporting for the plaintiff, and he also desired a review upon the evidence appearing on the trial, according to section 223 of the code of procedure. He appealed from the judgment rendered on the report, by a notice dated 12th of December, 1848, according to section 275. A copy of the appeal, and of the judgment roll, embracing all the papers mentioned in section 236, were furnished to the court by the appellant.

*E. F. Bullard,* for the appellant.

*F. S. Edwards & G. L. Wilson,* for the respondent.

*By the Court,* Willard, J. The object of a case made by a party desiring a review upon the evidence appearing on the trial before the referee, is to enable the appellant to call in question the facts stated by the referee in his report. (*Compare* §§ 222 *and* 223.) It is analogous to the old practice of moving to set aside a report as being against the weight of evidence. If the admissions in the pleadings, and the other evidence in the cause, warrant the finding of the facts as stated by the referee in his report, it can not be set aside as against evidence. Having carefully read the pleadings and testimony, it appears to me that the referee has correctly stated the result, in his report. This brings us to the questions arising out of the defendant's exceptions to the report; and it involves the inquiry, whether the referee drew the correct conclusions of law from those facts. From the report of the referee it appears that on

the 14th of September, 1847, one Philip Faust filed a creditor's bill in this court against Eli C. Robinson, Charles W. Corning, and Elijah N. Aikin, which was taken as confessed by all the defendants on the 13th of November, 1847. That on the 11th of October, 1847, an order of reference was made in said cause to appoint a receiver, and on the 15th of November, 1847, the plaintiff was duly appointed receiver of all the property and effects of the defendants in that suit. On the same day Robinson and Corning, two of the defendants, executed the usual assignment to the receiver ; Aikin, the other defendant, being out of the state.

At the time of filing the bill, and of the assignment, the defendants in the creditor's suit were the owners of three several sets of iron patterns of a stove called Robinson's patent air tight cooking stove, which patterns were then in possession of the defendants in this action, who are copartners, and who had a lien upon them for repairs made to them to the amount of $32,50. On the 20th of January, 1848, the defendants in this action recovered a judgment in this court against the defendants in the creditor's suit (Robinson, Corning & Aikin) for damages sustained on a contract for the manufacture of the said stoves, in which judgment was included the said claim of $32,20 for repairs made upon the said patterns, and on the 22d of Feb. 1848, sold the said patterns under an execution upon said judgment, the same being still in their possession. Upon the sale the same were bid off by the defendant Allen alone, but the defendants still hold possession of the said patterns since the said sale. On the 19th of May, 1848, and before the commencement of this action, the plaintiff demanded the patterns both of Allen and the defendants, and they refused to deliver them up. The value of the patterns is $150. The referee therefore found, as a conclusion of law, that there was due from the defendants to the plaintiff $150, besides costs.

The important point in the case is, whether the plaintiff can maintain an action for the property, without showing an assignment executed by all the defendants in the creditor's suit. The defendant's counsel insists that as the assignment was exe-

cuted by only two of the defendants, in their individual character merely, it does not convey the joint interest of the whole three defendants. On the part of the plaintiff it is urged that the order for the appointment of the receiver in a judgment creditor's suit, followed up by a consummation of the appointment by the giving of bail, vests the personal estate and equitable interests of the judgment debtors in such receiver, as of the date of the order, without the execution of any transfer or assignment. If this be so, the title of the plaintiff to maintain the action is complete, without reference to the assignment.

In equity, an order for a receiver, when his appointment is completed, vests in him all the property and effects, subject to the order, without an assignment. (*Mann* v. *Pentz*, 2 *Sand. Ch. Rep.* 257.) At law, an ordinary receiver was not considered as having the legal title, so as to authorize him to institute a suit in his own name for any debt or demand transferred to him, or to the possession or control of which he was ·entitled under an order of this court, until the act of April, 1845, in relation to the power· of receivers and of committees of lunatics and habitual drunkards. (*Laws of* 1845, *p.* 90, § 2, *per Walworth, Ch.; Wilson* v. *Wilson,* 1 *Barb. Ch. Rep.* 594; *and see Storm* v. *Waddell,* 2 *Sand. Ch. Rep.* 594.) By the statute referred to, " receivers and committees of lunatics and habitual drunkards, appointed by any order or decree of the court of chancery, may sue in their own names, for any debt, claim or demand transferred to them, or to the possession or control of which they are entitled as such receiver or committee." It matters not whether this transfer be by an assignment of the party, under seal, or by force of the order appointing the receiver. In either case the title is complete, and the statute vests the right of action in the party who is clothed with the interest. The principle of the act of 1845 is carried out, in this respect, by § 91 of the code of procedure requiring every action to be prosecuted in the name of the real party in interest. (§ 93.)

The property in question in this case was movable chattels, and it thus became vested in the plaintiff on the 15th of November, 1847, before the defendants recovered judgment against

Wilson v. Allen.

the defendants in the creditor's suits. The title of the plaintiff is as perfect as if he had levied on the property under an older execution. (*Storm* v. *Waddell*. 2 *Sand. Ch. Rep.* 594.) He has a clear priority over the defendants, who purchased under a later execution and are chargeable with notice of the pendency of the creditor's suit. (*Murray* v. *Ballou*, 1 *John. Ch. Rep.* 566. *Heatty* v. *Finley*, 2 *Id.* 158.)

There is nothing in the delay of the plaintiff to take possession of the property, calculated to impair his right. The defendants are not shown to have been prejudiced by the delay. Even an execution does not become dormant by lapse of time, unless the delay is by order of the judgment creditor. *Non constat* that the plaintiff knew of this property till the defendants sold it under their execution. The defendants, in whose hands the property was left, can not with much grace put forth the objection that their possession was a fraud upon themselves. It is doubtful whether the defendants ever had any lien upon the patterns for the $32,50. But the fact is conceded by the plaintiff, in the complaint, but avoided, first, by alledging a tender before suit brought, and secondly, by averring that the same amount was included in the defendant's judgment against the defendants in the creditor's suits. The tender is admitted by the defendants in their answer, and the fact that that sum is embraced in their judgment, is also conceded. Either fact puts an end to the defense arising from the law of lien.

I see no reason to disturb the report of the referee, and his decision must be affirmed.

*Judgment of referee confirmed.*