## Case No. 13,656.

### SUYDAM et al. v. TRUESDALE et al.

[6 McLean, 459.] [1]

Circuit Court, D. Michigan. June Term, 1855.

PLEADING IN EQUITY — SUPPLEMENTAL ANSWER— NEW MATTER—JUDICIAL DISCRETION—PARTIES.

1. Leave to file a supplemental answer to a bill of foreclosure, based upon a fact which was known to the party at the time of the original answer, and which was not omitted through mistake, refused.

[Cited in Cross v. Morgan, 6 Fed. 244; Rice v. Ege, 42 Fed. 660.]

2. A supplemental answer must embrace new matter discovered after the putting in of the answer on file.

3. It is an application to the discretion of the court, and will of course be denied, if it is apparent from the record, that it was known to the party before his first answer.

4. The rule as to parties to proceedings in equity is not inflexible, and will not be enforced so as to work injustice.

In equity.

Davidson & Holbrook, for the motion.
Toms & Campbell, for complainants.

WILKINS, District Judge. The motion which has been argued in this case, and been held under consideration by the court, is made on the part of defendant Kibbe, and is for leave to file a supplement to his answer, and based upon his affidavit, setting forth that, at the time he filed his answer, "he had no notice or knowledge" of the matter now proposed to be introduced by way of amendment; or in addition to what he has already placed upon record as matter of defense.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

A full understanding of the merits of the application requires a brief statement of the proceedings in the order of their occurrence. The complainants filed their bill on the 18th of April, 1850, against Westley Truesdale and wife, to foreclose a mortgage, alleging therein that Augustus S. Porter was, by deed of assignment, a subsequent incumbrancer of the mortgaged premises, with a prayer that he might be made a party. On the 25th day of November, 1850, the complainants filed their supplemental bill, exhibiting Terry & Kibbe as purchasers of the premises at an assignee's sale, on the 24th of July, 1850, for a mere nominal consideration, and making them parties. The bill was taken as confessed against Terry, and on the 8th of February, 1851, Kibbe filed his answer, and four days after filed a cross bill against the complainants and David M. Price and John Stephens, the statements of which, as appears by the bill itself, were sworn to by the said Kibbe as true on the 1st day of February, 1851, eleven days before the same was filed of record. In this bill, "he shows to the court and charges the fact to be," that some time in the year 1850, the complainant in the original bill, viz.: Suydam. Reed & Co., executed and delivered to John Stephens and David M. Price, a deed for the said mortgaged premises, and that they, the said Stephens & Price, were then in possession of the same. Eight days then, before he filed his answer, Kibbe knew that the mortgaged premises had been sold, and a deed executed and delivered therefor to Stephens and Price by the complainants, Suydam, Reed & Co. On the 20th day of October, 1851, more than eight months after his answer had been filed, he makes his affidavit, on which he asks the court for leave to file a supplemental answer, swearing as follows: "That previous to the time said complainants filed their said supplemental bill, they sold all their right and title in the premises described in the bill of complainant to Price and Stephens, and that, at the time, the said deponent Kibbe filed his answer to said supplemental bill, he had no notice or knowledge of said Price and Stephens' title, and that this ground of defense, viz: the sale and conveyance to Stephens and Price, he, the said Kibbe, had no knowledge of till some time after his said answer had been filed."

Now, it is apparent, that the sworn statement in the cross bill,—sworn to before the answer was filed, showing that Price and Stephens were then in possession, and that the complainants, Suydam and Reed, had delivered them a deed therefor, is a fact directly antagonistic to the fact alleged in the affidavit of the 20th of October, "that this ground of defense, viz: the sale and conveyance to Stephens and Price," was not known to affiant until some time after his said answer had been filed, which said answer was filed on the 8th of February, 1851. This self-contradiction in regard to the principal fact,

on which the granting of the present motion must depend, leaves the court in great uncertainty which statement to believe. If we credit the oath of the 1st of Feb. 1851. then the matter of defense is not new. and was known before, and should have been incorporated in his answer, filed on the 8th, and if we grant his request upon what is sworn to now, it must be upon the ground that his former oath was a careless, if not a perilous one. For we are estopped from concluding that it was a mistake—the very statement of the fact shows his knowledge at the time of its existence. Leave to file.

A supplemental answer, as observed in Talmage v. Pell, is the proper course where a new matter of defense is discovered after the putting in of the answer, but which existed before; 9 Paige, 413. But as the application is to the discretion of the court, it is essential that the new matter of defense should have been recently discovered. If known before the answer was filed, the application will of course be refused, especially if the introduction of the new matter is calculated to embarrass the further proceedings in the case, and is not essential as substantial matter of defense. It is true that where the party has assigned, pendente lite, the whole of his interest in the subject-matter of the suit. the adverse party can object that the suit has abated as to such assignor, and bar the proceedings. until the assignee is made a party, who has a right to be heard for the protection of his interest. But such adverse party may, after he becomes acquainted with the fact of such assignment, waive his privilege of objecting that the suit has abated in consequence of a transfer of interest. Such was the conduct of the defendant Kibbe, who makes this application; for, knowing as he did. on the 1st of February, 1851, this matter of defense, he should have inserted and relied upon it in his answer of the 8th, and not doing so, he waived all objection to the suit proceeding. Although courts of equity require all parties in interest to be brought before them, in order that the controversy may be finally settled, yet, the court will not extend a ready ear to such applications, when by doing so justice must be defeated, and by refusing the application, no injury can be done to the defendants. In this case, the complainants, who are citizens of New York, were, when their bill was fixed, the sole parties in interest. The affidavit alleges the transfer of that interest to individuals—who appear by the papers on file, to be citizens of this state. The amendment proposed then, is the introduction of matter, which would cause the dismissal of the bill, for want of jurisdiction. What just end, then, is to be attained by making Stephens & Price parties complainant? If any interest is shewn in them, by the affidavit, it is the same which is sought to be secured by the decree now prayed for by the complainants, which must inure to their benefit. And how is the defendant profited? Does it enable him to establish his defense—of fraud in Truesdale?

But, again, conceding the new matter as true. the mortgages sold pendente lite, and the interest of their vendees, is comprehended within the interest represented by the complainants; and being one and identical, the decree of foreclosure, (if any is eventually rendered,) is a decree for their benefit, and if the bill be dismissed, for any or all the causes shown in the answer of Kibbe—they, the assignees, having no other title than that conferred by the complainants, the controversy, as to the subject matter, is finally ended: which object is the spirit of the rule of the supreme court. as declared in Ellmendorf v. Taylor, 10 Wheat. [23 U. S.] 152. A final decree can be made without affecting their rights. They are not active, but passive parties—they hold under complainants—who prosecute for their benefit. This rule as to parties in equity is not inflexible, and will never be so rigorously enforced as to defeat its purpose and work iniquity. It is a discretionary rule, and the court will consider its application to the circumstances of the case. and require or deny its enforcement according to its discretion.

But. again, the proposed amendment is chiefly technical in its character; it introduces no substantial matter of defense. The omission of other parties in supposed interest. whose rights may be affected by the decree, does not in this case impair the rights of those of record: neither, under the showing of the affidavit, can it affect the interest of those who are not of record; The policy of the rule, as given in Mandeville v. Riggs, 2 Pet. [27 U. S.] 282, is, to prevent future litigation. The alleged transfer, then. to Stephens & Price, is not such substantial matter, without the consideration of which justice cannot be done to the parties litigant. If the proposed new matter was as to fraud, or, that the assignment was anterior to the mortgage, and that the latter was fraudulently obtained. or antedated. or that there never had been a mortgage bona fide. or, that it had in fact been paid: I should be disposed to grant the application; but. as it is, going not to the merits, but, to dismiss on purely technical considerations, I cannot, with satisfaction to my own conscience, grant the motion. Motion refused.