### Cross and others *v.* Morgan and others.

*(Circuit Court, D. New Jersey.* March 22, 1881.)

1. EQUITY PRACTICE—AMENDMENT—ANSWER.

Leave to amend an answer, in a suit to foreclose a mortgage, by the insertion of an additional fact, refused, where such fact was known to the defendant at the time the answer was filed.—[ED.

On Bill to Foreclose, etc.

NIXON, D. J. This is an application to the court to allow one of the defendants to amend his answer.

The bill was filed to foreclose a mortgage executed originally by one Joseph Cross, Jr., to Joseph Cross, to secure the payment of $3,500. After the due execution of the encumbrance, the mortgaged premises were sold to one James R. English, who assumed the payment of the mortgage as a part of the consideration money. English, in turn, conveyed the property to Anthony Q. Keasbey and Edward A. S. Man, as joint tenants, who also assumed the payment of the same. Keasbey and Man, holding the property as trustees for certain creditors, transferred it to J. Pierpont Morgan, who, in the deed of conveyance to him, also assumed the payment of the mortgage as a part of the consideration of the transfer. The executors of the mortgagee filed a bill against the said Morgan and others, praying therein not only for a decree of foreclosure, but also that the said Keasby, Man, and Morgan might be respectively decreed to pay the deficiency, if the

proceeds of sale of the mortgaged premises should not be sufficient to pay the amount due on the mortgage, with interest and costs.

In answering the bill, the defendant Morgan admits that the premises were conveyed to him by Keasbey and Man, and that the deed contained a clause to the effect that he assumed and agreed to pay off and discharge the mortgage, as a part of the consideration thereof; but alleges that the said land had been conveyed to Keasbey and Man in exchange for other land of equal value by them held as trustees under a certain agreement, dated March 14, 1873, entered into by one William J. Pollock, as party of the first part, Drexel, Morgan & Co., party of the second part, Addison Brown, party of the third part, Morton, Bliss & Co., party of the fourth part, and A. Q. Keasbey and Edward A. S. Man, party of the fifth part, wherein it was, among other things, agreed that the title to certain premises should be taken by Keasbey and Man, as trustees, to hold the same upon trust, to sell and dispose thereof in a certain manner and upon certain terms in the said agreement provided for, and to distribute the proceeds of the sale to certain persons in that behalf, in the said agreement mentioned, with power and authority to the trustees to cause the premises to be laid out in streets and lots, and to make the necessary exchanges of land to effect the same; that the before-mentioned conveyance by English to Keasby and Man was received by them as such trustees, and not otherwise; and in the performance on their part of a previous agreement, before made by the said Pollock, as the owner of certain other land, with the said English, to exchange the same for the premises thereby conveyed; and the said premises became and were part of the fund so held in trust by Keasbey and Man; and that the said Keasbey and Man had no right, power, or authority, as such trustees, to make or give any promise, covenant, or agreement whereby they, as such trustees, assumed the payment of any mortgage upon said land, or charged the fund in their hands, as trustees, with any such burden.

The answer then alleges that the sale provided for in the

agreement was had, and that under the provisions thereof to the effect that any party thereto might be at liberty to bid and purchase at such sale, the said Drexel, Morgan & Co. purchased thereat, among others, the mortgaged premises described in the bill of complaint; that the same were sold free and clear of all encumbrances and liens; that in purchasing, the said Drexel, Morgan & Co. were acting only for the purpose of protecting themselves against severe loss upon their debt against Pollock; and that, thereafter, he, the defendant, being a member of the firm of Drexel, Morgan & Co., received the deed above mentioned in his own name, and now holds the same, as trustee, for said firm, "*and that upon such conveyance to defendant, the said Keasbey and Man claimed that they were entitled to such covenant of assumption of the said mortgage as such trustees, and that the same was given and intended only as indemnity to them as such.*"

The amendment asked for is to strike out all of the last clause of the above sentence after the word "firm," and to insert in lieu thereof the following: "And that upon such conveyance to defendant the said Keasbey and Man, claiming that they were entitled to such covenant of assumption of the aforesaid mortgage as and for an indemnity to them as such trustees, inserted the same in said conveyance for that purpose, and not otherwise, without the knowledge, consent, or privity of this defendant; and that defendant had no knowledge or information of the fact that such covenant of assumption was so inserted therein, or that such claim was so made by said Keasbey and Man until after the commencement of this suit."

Courts of equity have great reluctance to listen to applications of this kind. After a defendant has deliberately sworn to his answer, it has always been reckoned a dangerous practice to allow him to amend by putting in a new and different statement of facts. This is especially the case after the vital character of the change proposed has been discovered during the progress of taking the testimony in the cause.

Enough has been revealed by the affidavits put in, in support of the application to amend, to render it quite sure that

the defendant Morgan had very little personal knowledge of the transactions out of which the present controversy grew. He left the details of the proceedings and negotiations to his legal advisers. Reasonable allowance should, therefore, be made for his ignorance of particular facts. But it cannot be claimed that, when his answer was sworn to, he did not know the fact, which was then not stated, and which he now wants inserted as a supplement to his defence. In his answer he alleges that Keasbey and Man claimed they were entitled to the covenant of assumption of payment of the mortgage, as his trustees, and that the same was given and intended only as indemnity to them as such. In the amendment it is proposed to insert the additional fact that such covenant was put in without the knowledge, consent, or privity of the defendant. Daniells, in his Ch. Pl. & Pr. 799, states broadly that the court never permits amendments of this nature where the application has been made on the ground that the defendant, at the time he filed his answer, was acting under a mistake in point of law. Nor is he allowed to contradict the statements of his first answer. *Livesey* v. *Wilson*, 1 Ves. & Bea. 149; *Vanderveer* v. *Reading*, 1 Stick. 446; *Greenwood* v. *Atkinson*, 4 Sim. 61. Nor do we find any well-considered case, authorizing a supplemental answer, which embraces any fact that was known to the defendant at the time his answer was sworn to, except in a few instances, where the court considered the reasons satisfactory which were given for their original omission. *Smith* v. *Babcock*, 3 Sum. 583; *Suydam* v. *Truesdale*, 6 McLean, 459; *Bowen* v. *Cross*, 4 John. Ch. 376; *Huffman* v. *Hummer*, 2 C. E. G. 272. And here appears to be the difficulty with the defendant's case. He has not obtained his knowledge of the additional fact, which he wishes to put in, since his answer was filed. He knew it then, if he did not when the suit was commenced; and if it be a material fact it should have been then stated.

The leading case in this country on the subject of amendments to an answer is *Smith* v. *Babcock*, *supra*, in which the learned judge (Story) says: "Considering the solemnity of answers, I should be sorry to see any practice introduced

which should in any, the slightest, degree encourage negligence, indifference, or inattention to the duties imposed by law upon parties who are called upon to make statements under oath. And it seems to me that, before any court of equity should allow such amended answers, it should be perfectly satisfied that the reasons assigned for the application are cogent and satisfactory; that the mistakes to be corrected or the facts to be added are made highly probable, if not certain; that they are material to the merits of the case in controversy; that the party has not been guilty of gross negligence, and that the mistakes have been ascertained and the new facts have come to the knowledge of the party since the original answer was put in and sworn to."

In *Huffman* v. *Hummer, supra,* the late Chancellor Green, in denying a motion to amend, said: "It is clear that the mistake in the case has not been ascertained, and that no new fact has come to the knowledge of the defendant since the answer was sworn to. Every fact now within the knowledge of the defendant was known to him at the time of putting in the answer, and it would tend to the encouragement of gross negligence to permit a defendant to remould an answer, to the truth of which he has sworn, with a full knowledge of all the facts. * * * If it was a mere mistake of the law, it is clear that the answer cannot be amended on that ground."

In *Suydam* v. *Truesdale, supra,* the court refused, as a matter of course, leave to file a supplemental answer to a bill of foreclosure, because it appeared that the fact which the defendants wanted to introduce was known to them at the time of the original answer, and that it had not been omitted by their mistake.

Without multiplying authorities, which seem to be all in the same direction, the application to amend in this case must be denied.