JOHN C. BROWN, RECEIVER, ETC., v. NANCY C. GAY ET AL.

No. 2775.

1. **Venue in Suit Against Receiver of Railway.**—Suit for personal injuries by an employe may be brought against a receiver managing a railway in a county where the railway corporation has an office and agent.

2. **Suit without Leave of Court.**—Such suit may be brought without first having obtained leave from the court appointing the receiver.

3. **Liability of Receiver.**—The sole liability of a receiver, except in cases in which he is personally at fault, is official. A discharge of the receiver and return of the property to the owner would render a judgment against him for injuries caused in the management of the property fruitless, and no judgment could legally be rendered against him for injuries for which the railway company would have been liable.

4. **Practice.**—Where pending suit for injuries against a receiver he is discharged, the suit as to him should abate for want of proper parties. The railway company should be made party defendant.

5. **Remedy After Discharge of Receiver.**—See Johnson v. Railway Company, *supra*, page 421, for principles governing the liability of the railway for injuries inflicted in the working of the road while in hands of receiver.

APPEAL from Tarrant. Tried below before Hon. John D. Templeton, Special District Judge.

The opinion states the case.

*Finch & Thompson*, for appellant.—1. A suit against a receiver of a United States court can not be maintained in a State court without permission of the United States court, and most certainly this can not be done unless it be maintained subject to the general equity jurisdiction of the court which appoints the receiver. Act of March 3, 1887, sec. 3, 49th Cong., 2d sess., p. 552; Beach on Receivers, sec. 658.

2. Unless personally at fault, the sole liability of a receiver is official; and when his official character ceases, and the property through which alone his official liability may be discharged has passed from his hands in pursuance of the orders of the court which appointed him, and he has been by that court discharged from his trust, then no judgment can be rendered against him; for with the termination of his official existence ends his official liability. Ryan v. Hays, 62 Texas, 42, 47; Beach on Receivers, sec. 720, p. 653.

*Ball, Wynne & McCart*, for appellees.—1. It was not necessary in order to maintain appellees' action that permission be procured from the United States court. Act of Cong. of March 3, 1887, sec. 3, U. S. Stats., 1887, sec. 3; 1 Sayles Civ. Stats., arts. 1468, 1469; Barton v. Barbour, 1886, 14 Otto, 441; Justice Miller's dissenting opinion, 104 U. S., 125.

2. The special plea of appellant, setting up the discharge of defendant from the office of receiver as matter of abatement of plaintiff's action, was a plea in abatement, and not being filed in due order of pleading

should not have been considered by the court.    Sayles' Civ. Stats., art. 1268.

3.    The District Court of Tarrant County having lawfully acquired jurisdiction of the cause, it had the right and it was its duty to proceed to the trial and final determination thereof; and the discharge of the receiver could neither be pleaded in abatement nor in bar of plaintiffs' action.    Sayles' Civ. Stats.; arts. 1468, 1469, 1470a; Act of Cong., 1887, sec. 3; Allen v. Railway, 42 Ia., 683; Railway v. Smith, 19 Kan., 225.

4.    Plaintiffs' said demurrer to said plea of discharge should have been sustained, for the reason that said plea failed to allege and show on its face that said United States court was the court which had appointed said receiver (said fact not being alleged in plaintiffs' petition), or that it had any jurisdiction over said receiver or of any of the matters referred to in said alleged order of discharge.

5.    The order of discharge, having been made by an extra territorial court, could not affect in any way plaintiffs' action then pending in a court of proper jurisdiction in this State; especially as it was not alleged that plaintiff had any notice of the motion to discharge.    Booth v. Clark, 17 How., 322; Brigham v. Luddington, 12 Blatch., 237; Justice Miller's dissenting opinion in Barton v. Barbour, 104 U. S., 126; U. S. Stats., 1886, 1887, sec. 3; 1 Sayles' Civ. Stats., arts. 1468, 1469; Kinney v. Crocker, 18 Wis., 74; Miller v. Lock, 64 Barb., 454; Beach on Receivers, sec. 80.

STAYTON, CHIEF JUSTICE.—This action was brought by Nancy J. Gay on February 6, 1888, in her own right and as next friend of her minor child, against John C. Brown, receiver of the Texas Pacific Railway.

The action is founded on claim that John M. Gay, the husband and father, while in the employment of the receiver, was killed under circumstances that made the receiver liable, not personally, but in his official or representative character.

On February 25, 1889, appellant filed a first amended original answer, setting up the following defenses, viz.:

1.    That it appeared from appellees' petition that appellant was sued as receiver of the Texas Pacific Railway Company, and that he held his appointment as such by order of the Circuit Court of the United States, and could not therefore be sued without permission of said court; and further, that it appeared appellant was a resident of Dallas County, and no exception existed allowing him to be sued without the county of his residence.

2.    A general demurrer.

3.    A general denial.

4.    A special answer setting up the final discharge of appellant as such receiver on the 26th day of October, 1888, and his complete relinquishment of all control over said railway and its property on the 31st day of

October, 1888, and his unconditional retirement and discharge as such receiver.

5.   A further special answer setting out the conditions of the order of his discharge, under and by virtue of which appellees' claim was declared barred unless presented before February 1, 1889, to the Circuit Court of the United States, sitting at New Orleans, State of Louisiana, which appellees had failed and refused to do.

6.   A plea of contributory negligence.

Attached to this answer, as exhibits, were the petition of the receiver for discharge, as well as the order of the court discharging him, which were the same as shown in the case of Texas Pacific Railway Company v. Johnson, at the last sitting decided, *supra*, 421.

On February 26, 1889, appellees filed a supplemental petition excepting to appellant's plea to the jurisdiction, also excepting to the sufficiency of appellant's answer setting up his discharge as receiver, as well as the answer pleading the order of the United States court in bar of this suit.

These exceptions were sustained, and on hearing there was a verdict and judgment against the receiver for $10,000, which the jury apportioned.

There was no error in the court's holding that the action was properly brought in the first instance against the receiver without leave previously given by the court that appointed him, nor was there error in holding that the suit was properly brought in Tarrant County.   Sayles' Civ. Stats., arts. 1468, 1469; Act U. S. Cong., March 3, 1887.

The answer showed that the receiver had been discharged and all the property theretofore in his hands delivered to the railway company, in pursuance of the order of the court that appointed him, and the order directing this to be done declared that it should remain liable in the hands of the company for such claims as were proper against the receivership.

The ruling of the court was that this action might be sustained against the person who was receiver at the time the injury occurred, notwithstanding he had ceased to be the receiver and to control or have the right to control any fund out of which the judgment to be rendered could be paid. The Act of March 19, 1889, was not in force when that ruling was made, and its provisions are therefore not applicable to this case.

The only ground on which it can be held that property belonging to a railway or other corporation or to an individual can be subjected to sale under judgment against a receiver is that he, with reference to the property so controlled by him and as to rights growing out of its management, is the representative of the owner.

Can it be said that this representative character continues after the court that appointed him has discharged him and withdrawn from him all control or right to control the property?   We think not.   Being no longer

the representative of the company in any respect, a judgment against him would not bind it or its property. There being no personal liability or fund left in his hands subject to the control of the court that appointed him, a judgment rendered against him as receiver would be fruitless.

As said in Ryan v. Hays, 62 Texas, 47, "The sole liability of a receiver, except in cases in which he is personally at fault, is official; and when his official career ceases and the property through which alone his official liability may be discharged has passed from his hands in pursuance of the orders of the court that appointed him, and he has been by that court discharged from his trust, then no judgment can be rendered against him; with the termination of his official existence ends his official liability." Railway v. Ormond, 62 Texas, 274; Davis v. Duncan, 17 Fed. Rep., 477; Trust Co. v. Railway, 7 Fed. Rep., 537; White v. Railway, 52 Ia., 97.

The plea to which exception was sustained not only stated facts which if admitted showed that no judgment could legally be rendered against the receiver, but stated facts which showed that the Texas Pacific Railway Company should be made the defendant, as did it state facts which, with some additional facts, would entitle appellee to recover if the injury resulted from facts that would have authorized a judgment against the receiver had he not been discharged.

The plea was a suggestion to the court that the action could no longer be continued against the receiver; and while the facts stated were not such as to abate the action, they were such that the court should have declined to proceed with the case until the company was made a defendant.

This, in analogy to other cases in which a defect of parties arises after action brought, is believed to be the correct practice in cases in which a receiver dies or is removed after action brought against him or by him, or in case a receiver defendant is discharged and the property in his hands subject to payment of a judgment to be rendered is returned by order of court to its owner. Wilson v. Wilson, 1 Barb. Ch., 592; Palmer v. Murray, 8 How. Prac., 549; Searcy v. Stubbs, 12 Ga., 438; Lehigh Co. v. Railway, 42 N. J. Eq., 591; Talmage v. Pell, 9 Paige Ch., 413; Sheldon v. Adams, 27 How. Prac., 180; Rev. Stats., arts. 1246, 1255.

As the case is now presented, the facts alleged in the plea excepted to must be treated as true, and so treating them, we hold that the court erred in rendering judgment against the receiver.

The questions which would arise under the receiver's pleadings, as to liability of the company, have been considered in other cases.

As the proper parties were not before the court to try the merits of the case, we do not now feel that it is necessary to consider the many assignments or error relating to matters occurring on the trial.

The receiver was such representative of the company when the action was brought as to make it practically, then, an action against the com-

pany, and for this reason it would not abate when he was discharged, but might be further prosecuted against the company, if substituted for the receiver, who has ceased to represent it; but to recover then it would be necessary for appellees to allege and prove such facts as make property in hands of the company liable to satisfy the judgment to be rendered.

The judgment will be reversed and the cause remanded, and the parties can then pursue such course as to them seems proper.

It is so ordered.

*Reversed and remanded.*

Delivered March 11, 1890.