## MULLER v. NORTON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF TEXAS.

No. 91. Argued November 8, 11, 1889.— Decided December 9, 1889.

*Cunningham* v. *Norton*, 125 U. S. 77, affirmed to the point that the act of the legislature of Texas of March 24, 1879, in regard to assignments by insolvent debtors for the benefit of their creditors was intended to favor such assignments; and that a provision in such an assignment, void in itself, did not necessarily vitiate the assignment, or prevent its execution for the benefit of creditors.

A provision in an assignment for the benefit of creditors that the assignee shall at once take possession of all the assigned property " and convert the same into cash " as soon as and upon the best terms possible, can hardly be construed into a discretionary authority to sell on credit.

In Texas an assignment for the benefit of creditors, under the statute, may be made to more than one assignee.

THIS was an action of trespass brought in the court below by Frederick Muller and Adolph Jacobs, assignees of the firm of Louis Goldsal & Company, of Denison, Texas, against

Anthony B. Norton, the United States marshal for the Northern District of Texas, and the sureties on his official bond, for levying upon and seizing, under certain attachment suits in that court, the goods, wares and merchandise of said firm which had been assigned to the plaintiffs.

The plaintiffs in their petition set up the fact of the assignment by virtue of which they asserted title to the property, reciting the main portions of the deed at length; set out the details of the various levies under the attachment suits; and prayed judgment for the amount and value of the goods levied on, which were alleged to be something over $34,000. Upon demurrer to the petition, the court below held the deed of assignment null and void, and, accordingly, rendered a judgment in favor of the defendants. 19 Fed. Rep. 719. To reverse that judgment this writ of error was prosecuted.

The deed of assignment was as follows:

"Know all men by these presents that we, Louis Goldsal and Benjamin Hassberg, doing business as merchants in Denison, Grayson County, Texas, under the firm name and style of 'Louis Goldsal & Co.,' for and in consideration of the sum of one dollar, to us in hand paid by Fred. Muller and A. Jacobs, of same place, the receipt of which is hereby acknowledged, and for the further purposes and considerations hereinafter stated, have this day assigned, bargained, sold and conveyed, and by these presents do assign, bargain, sell and convey, unto the said Fred. Muller and A. Jacobs all the property of every kind owned by us, or either of us, individually or as a firm, either real, personal or mixed, said property consisting of our stock of merchandise situated in our place of business known as Nos. 204 & 206, south side, Main Street, in Denison, Texas, being composed of dry goods, clothing, boots, shoes, hats, caps, trunks, valises, gents' furnishing goods, show-cases, book accounts, etc., worth about twenty-seven thousand dollars, and all other property owned by us or either of us not herein mentioned, except such of our or either of our property as is exempt from execution by the laws of the State of Texas and no other; to have and to hold unto them, the said Fred. Muller and A. Jacobs, their assigns and successors, forever.

This conveyance is made, however, for the following purposes, to wit: We, the said Louis Goldsal and Benjamin Hassberg, doing business as aforesaid under the firm name of 'Louis Goldsal & Co.,' are insolvent, being indebted beyond what we or either of us are able to pay, and desire to secure a just and proper distribution of our and each of our property among our creditors, and this assignment is made in trust to the said Fred. Muller and A. Jacobs for the benefit of such of our creditors only as will consent to accept their proportional share of our estate and discharge us from their respective claims; and for said purpose *the said Fred. Muller and A. Jacobs are hereby authorized and directed to take possession at once of all the property above conveyed and convert the same into cash as soon and upon the best terms possible* for the best interest of our creditors, and execute and deliver all necessary conveyances therefor to the purchasers, and to collect such of the claims due us or either of us as are collectible, and to bring and prosecute such suits therefor as may be necessary, and to execute and deliver all proper receipts, releases and discharges to our said debtors on the payment of said claims, and to do and perform each and every act and thing whatsoever requisite, necessary and proper for them to do in and about the premises for the proper and lawful administration of this trust in accordance with the law; and the said Fred. Muller and A. Jacobs shall pay the proceeds of our said property, according to law, to such of our creditors as shall legally consent to accept their proportional share of our estates, property and effects as aforesaid, and discharge us from their respective claims, and no others, he first paying the expenses of administering this trust, and a reasonable compensation to himself for his services."

*Mr. W. Hallett Phillips* for plaintiffs in error. *Mr. Sawnie Robertson* also filed a brief for same.

*Mr. D. A. McKnight* (with whom was *Mr. John Johns* on the brief) for defendants in error.

I. The deed of assignment is void, as against non-consenting creditors, for the reason that it authorizes the assignees to sell upon credit.

"To convert into cash" is obviously not the equivalent of "to sell for cash." The fair meaning of the clause, convert the same into "cash," is to convert the same into "money." It necessarily involves the authority to sell on credit, for if the clause is not a direction to sell *for cash*, it must be an authority to sell *on credit*. . This view is enforced by the addition of the phrase "on the best *terms* possible." In the following cases, wherein the assignee had authority to fix the "terms" of sale, it was held that a sale on credit was implied. *Sumner* v. *Hicks*, 2 Black, 532; *Hutchinson* v. *Lord*, 1 Wisconsin, 286; *S. C.* 60 Am. Dec. 381; *Keep* v. *Sanderson*, 12 Wisconsin, 352; *Beus* v. *Shaughnessy*, 2 Utah, 492; *Moir* v. *Brown*, 14 Barb. 39; *Schufeldt* v. *Abernethy*, 2 Duer, 533.

In the case at bar, the court below held that the assignment authorized a sale on credit, and that for that reason it was void against non-consenting creditors. *Muller* v. *Norton*, 19 Fed. Rep. 719. In fact it appears to be a settled rule in most of the States that an authority to the assignor to sell upon credit renders the deed of assignment void on its face. In addition to the above cited cases see *McLeary* v. *Allen*, 7 Nebraska, 21; *Collier* v. *Davis*, 47 Arkansas, 367; *Bagley* v. *Bowe*, 105 N. Y. 171. The ground of the ruling is that an authority to sell on credit tends to hinder or delay creditors, and is obnoxious to the statute of 13 Eliz., which is substantially in force in most of the States. See *Jaffrey* v. *McGehee*, 107 U. S. 365; *Robinson* v. *Elliott*, 22 Wall. 513; *Means* v. *Dowd*, 128 U. S. 273.

Under the statutes of Texas, and the decisions of her courts, a deed of assignment authorizing a sale upon credit is voidable by non-consenting creditors. When the assignment in question was made, there were two statutes in force which governed it, namely, the statute against fraudulent conveyances, substantially the statute of 13 Eliz., in force from an early day (Rev. Stats. 1879, Art. 2465, p. 363) and the act regulating assignments for the benefit of creditors, approved March 24, 1879 (Id. App. p. 5). The act of 1879 is silent as to the time, terms and manner of sale; and where the statute is silent, the assignee must be governed by the deed of assign-

ment. *Ogden* v. *Peters,* 21 N. Y. 23; *S. C.* 78 Am. Dec. 122; *In re Lewis,* 81 N. Y. 421; *Adler* v. *Ecker,* 1 McCrary, 256; *Hopkins* v. *Ray,* 1 Met. (Mass.) 79; *Collier* v. *Davis,* 47 Arkansas, 367. *Wert* v. *Schneider,* 64 Texas, 327, arose under the act of 1879. On the authority of this case we contend that the court would have held the assignment void on its face if it had found there authority to sell on credit. See *Blum* v. *Welborne,* 58 Texas, 157; *Donoho* v. *Fish,* 58 Texas, 164; *Keating* v. *Vaughn,* 61 Texas, 518; *Keller* v. *Smalley,* 63 Texas, 512. See also *Bagley* v. *Bowe, ubi supra; Eicks* v. *Copeland,* 53 Texas, 581, 590; *Baldwin* v. *Peet,* 22 Texas, 708; ·*S. C.* 75 Am. Dec. 806; *Carlton* v. *Baldwin,* 22 Texas, 724; *Nave* v. *Britton,* 61 Texas, 572. These Texas rulings were made under the statute against fraudulent conveyances, which is in force as to deeds of assignment under the act of 1879. *La Belle Wagon Works* v. · *Tidball,* 59 Texas, 291. In view of the state of the law in Texas and other States, a Federal Court may hold this assignment void on its face, where the rights of non-resident creditors are involved. *Schoolfield* v. *Johnson,* 11 Fed. Rep. 297; *Heelan* v. *Hoagland,* 10 Nebraska, 511; *Bonns* v. *Carter,* 20 Nebraska, 566; *Edwards* v. *Mitchell,* 1 Gray, 239; *Pike* v. *Bacon,* 21 Maine, 280; *S. C.* 38 Am. Dec. 259; *Raleigh* v. *Griffith,* 37 Arkansas, 150; *Churchill* v. *Whipple,* 41 Wisconsin, 611. This case is distinguishable from *Cunningham* v. *Norton.* The contention there related to paying over to the debtor the surplus remaining after paying consenting creditors.

II. The deed of assignment is void as against non-consenting creditors, for the reason that it is not made to one assignee as required by the statute.

Mr. Justice Lamar, after stating the case as above reported, delivered the opinion of the court.

The validity of the above deed in view of matters apparent on its face constitutes the only question for consideration. We think that question is determined by the principle laid down in *Cunningham* v. *Norton,* 125 U. S. 77; which reversed

the judgment on the authority of which the one now under review was rendered by the court below. That case involved, as does this, the validity of an assignment under the Texas statute just referred to, which was sought to be set aside on account of a provision in the deed alleged to be not in conformity with that statute. The assignments in the two cases are very similar; the main difference being, that the one in the Cunningham case contains two provisions, neither of which occurs in the instrument under consideration. The first of these provisions reserves to the assignor the surplus of the property assigned after the payment of all the debts of the consenting creditors. The second expressly authorizes the assignee to sell such property on credit, according to his discretion. This last provision, however, was not called to the attention of the court in that case. The main contention was, that the deed in controversy was rendered void by the clause directing the assignee to pay over to the assignor the surplus after paying in full all the creditors who should accede to the deed. This court decided that the said clause did not affect the validity of the assignment, but was itself alone invalidated by reason of its being in violation of the statute. The decision was based upon the general construction of the whole act taken together, in view of the main object designed to be subserved by it, and of the decisions of the Supreme Court of Texas upon many of its express provisions, in which line of decisions the court indicated its full concurrence. That policy the court declares to have been the appropriation of the entire estate of an insolvent debtor to the payment of his debts, and as a means thereto to favor assignments, and to give them such construction that they may stand rather than fall; that its manifest purpose was to provide a mode by which an insolvent debtor, desiring to do so, may make an assignment simple and yet effective to pass all his property to an assignee for the benefit of such of his creditors as will accept a proportionate share of the said property, and discharge him from their claims; that it further manifests the intention to transfer to the assignee all the property of the debtor for distribution among all the creditors; that no act of the assignee or of the

assignor after the assignment is made, or preceding it, but in contemplation of it, however fraudulent that act may be, shall divest the right of the creditors to have the trust administered for their benefit in accordance with the spirit of the statute; and that, therefore, the provision reserving the surplus to the debtor after payment of the debts to the consenting creditors, even though conceded to be not in conformity with the requirements of the statute, and therefore itself void, does not vitiate the assignment or prevent its execution for the benefit of the creditors, as provided in the statute.

These principles apply with controlling force to the assignment in the case at bar. The ingenious argument of the counsel has failed to point out any distinguishing features in the two cases.

The first ground upon which this deed is assailed is the following clause therein: "The said Fred. Muller and A. Jacobs are hereby authorized and directed to take possession at once of all the property above conveyed, and convert the same into cash as soon and upon the best terms possible for the best interest of our creditors;" which language the court below and the counsel for the defendants claim is an authority to the assignee to sell upon credit. We do not think that such is a correct or fair interpretation of the clause, taking the whole instrument together and construing it with reference to the purpose manifest in all its other provisions. A positive direction to "convert" the property assigned "into cash as soon and upon the best terms possible for the best interest of our creditors," can hardly be construed into a discretionary authority to sell on credit, without doing violence to the well-established rule that the power to sell on credit will not be inferred from language susceptible of a different construction. Burrill on Assignments, § 224.

But even if we concede that the construction contended for be correct, and that the clause thus construed is in contravention of the statute, it will not, as this court has decided, operate to annul the assignment in which all the creditors may have an interest. In *Kellogg & Co.* v. *Muller*, 68 Texas, 182, 184, this very point we are now considering was presented and

decided by the court in the following language: "The first exception to the deed is that it authorized the assignee to sell the property assigned on a credit, and is, therefore, void. The provision to which we are cited in support of the exception is as follows: 'That so soon as said inventory is complete, the said Frederick Muller, as such trustee aforesaid, shall thereafter, with all reasonable dispatch, proceed to sell and dispose of said goods, wares and merchandise and furniture, and collect said book accounts and bills receivable, converting the same into cash or its equivalent.' It may be doubted if this can be construed to empower the assignee to sell for anything but money. . . . But, however this may be, even if a badge of fraud, it is not sufficient to authorize the court to hold the deed void upon its face;" citing *Baldwin* v. *Peet*, 22 Texas, 708.

In the assignment before us all the property conveyed by it is in terms devoted to the payment of the creditors of the insolvent debtor. The judgment of the court below adjudging it to be void upon its face, because it permitted a sale on credit, was erroneous.

The second objection, that the deed was not made to one assignee, does not require any extended comment. Under the common law an insolvent debtor was permitted to make an assignment to a single individual or to several. Burrill on Assignments, § 91. It is true the act of March 24, 1879, speaks only of an *assignee ;* but the statutory rule of construction in force in Texas is: "The singular and plural number shall each include the other, unless otherwise expressly provided." Rev. Stat. of Texas (1879), Art. 3138, subdivision 4. Under this rule, and keeping in mind the policy of the statute of 1879, regulating assignments, we do not think the deed of assignment in this case void for the second reason assigned.

*For the reasons given the decree of the court below is reversed and the case remanded, with directions to take such further proceedings as shall not be inconsistent with this opinion.*