KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY OF TEXAS
v. STATE OF TEXAS.

No. 2555.  Decided February 11, 1914.

**1.—Railway—County Seat—Tender of Right of Way.**

Under article 6549 (4491), Rev. Stats.; Const., art. 10, sec. 9, a railway company constructing its line within three miles of a county seat was required to construct same through such town and maintain a depot therein if a right of way through its limits was granted by the town or its citizens. The grant of such right of way could not be provided for until the railway located its line as required by the statute and the Constitution; and where it located its line not in compliance therewith the failure of the citizens to provide or tender a right of way as required, being made impossible by its disregard of the law, afforded no defense to it for such violation. (Pp. 258, 259.)

**2.—Same—Mandatory Injunction.**

Compliance by a railway company locating its road within three miles of a county seat with the requirements of article 6549 (4491), Revised Statutes, and article 10, Section 9, of the Constitution of the State, was required for the benefit of the public; it could not be waived by the citizens of the town; and it could be enforced by a mandatory injunction at suit of the State. (Pp. 258, 259.)

**3.—Same—Receivership.**

The enforcement by mandatory injunction in an action by the State against the corporation of the statutory requirement that a railway locating its line within three miles of a county seat should pass through same, was not an interference with the possession of such railway by a receiver appointed by the Federal court during the pendency of such action. But .the receivership having rendered performance by the corporation impossible during its continuance, the operation of the decree should be suspended while the road remained in the receiver's hands.   (Pp. 259, 260.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

. The State sued the railway company and had judgment awarding a mandatory injunction. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*H. S. Garrett, Hill, Lee & Hill, Gregory, Batts & Brooks,* and *Blanks, Collins & Jackson,* for plaintiff in error.—A receiver of a corporation in the actual possession of its property, operating the same to the exclusion of the corporation, is a necessary party to a proceeding against the corporation where a judgment against it relates to the operation of the property in the receiver's hands and which it is impossible for the corporation to obey.   34 Cyc., p. 429; Chicago City Ry. Co. v. People, 116 Ill. App., 633; Smith v. Trenton Delaware Falls Co., 4 N. Y. Eq., 505.

. Where a court having jurisdiction has appointed a receiver for a railroad company, and he is in possession of the road, its property and assets, and is proceeding in execution of the trust under the direction and orders of the court, mandamus will not lie from another court against the corporation or the receiver directing their conduct in operating the road, the remedy being by motion or petition in the court which appointed the receiver.   25 Cyc., 381k; Southern Express Co. v. Western N. C. R. Co., 99 U. S., 191; Calhoun v. Lanoux, 127 U. S., 634; Lang v. Macon Construction Co., 101 Ga., 343; Connecticut River Banking Co. v. Rock Bridge Co., 73 Fed., 709; 5 Thomp. on Corp. (2nd ed.), sec. 432; Pickergill v. Myers, 99 Pa. St., 602; French v. McCready, 57 S. W., 894; High on Receivers (4th ed.), sec. 374; Alderson on Receivers, p. 221.

A writ of mandamus will not be issued when it may prove unavailing, or when the respondent can not obey it (Merrill on Mandamus, secs. 75-76). The courts of the country will not lend aid to any such unreasonable and absurd attempt. Toland & Co. v. Turner, 152 S. W., 852; People v. Hake, 81 Ill., 540; Railway Co. v. Wyandott Co. Comrs., 7 Ohio St., 278; State v. Judge of Orphans' Ct., 15 Ala., 740; People . v. Ulster County Supervisors, 30 Hun, 146; Turnbull v. Giddings, 95 Mich., 314; United States v. Norfolk, etc., R. Co., 55 C. C. A., 320; 26 Cyc., 147; 26 Cyc., 362e, and cases cited under notes 33 and 34; 28 Cyc., 318k; H. & T. C. Ry. Co. v. City of Dallas, 98 Texas, 396.

The citizens of Sherwood, in the Tom Green County case, were the legal representatives of the State themselves, and all other interests

involved in the litigation there found, and the defendant should not
be compelled in the case at bar to twice defend identically the same
cause of action.  Felton v. K. C., M. & O. Ry. Co., 143 S. W., 650;
Hovey v. Shepherd, 147 S. W., 224; McClesky v. State, 4 Texas Civ.
App., 322; People v. Holladay (Cal.), 29 Pac., 54; Littleton v. Fritz
(Iowa), 22 N. W., 645; People v. Beaudry (Cal.), 27 Pac., 610; Citi-
zens Horse Railway Co. v. City of Bellville, 47 Ill., 388; Elson v. Com-
stock (Ill.), 37 N. E., 207; State v. North Lincoln St. Ry., 52 N. W.,
369; Guinn v. Elliott, 98 N. W., 625; Harvey v. Lord, 10 Fed., 236;
Crane v. Larsen, 15 Pac., 326; 1 Cyc., p. 28; Richardson v. Opelt, 82
N. W., 377; 1 Cent. Dig. (Abatement), sec. 40; Hurd v. Moiles, 28
Fed., 897; Watson v. Jones, 20 U. S. (L. ed.), 671.

The cause of action asserted in the State's petition was one vested
exclusively in the town of Sherwood or its citizens.  The petition dis-
closed no such right in the State of Texas as authorized it to maintain
this suit.  The constitutional requirement found in article 9, section 10,
of the Constitution, is for the local benefit of the county seat town, or
its citizens, and is not such a matter of State-wide or general public
concern as to authorize the institution or prosecution by the State of
the action.  Felton v. K. C., M. & O. Ry. Co., 143 S. W., 650; Dodge
v. Knight, 16 S. W., 626; Shepard v. Barron, 194 U. S., 550-568;
Pierce v. Somerset Ry., 171 U. S., 641-648; Wright v. Davidson, 181
U. S., 371-377; 8 Cyc., p. 792, sec. b; State v. Halter, 47 N. E., 665;
United States v. Beebe, 127 U. S., 340; Curtner v. United States, 37
U. S. (L. ed.), 894; United States v. Des Moines Ry. Co., 35 U. S.
(L. ed.), 1107; Union Pacific Ry. Co. v. United States, 67 Fed., 980.

Citizens of Sherwood estopped to deny as true that which they agreed
to be true in their contract.  Cain v. Texas Building Assn., 21 Texas
Civ. App., 61; Bigelow on Estoppel (5th ed.), 450; 16 Cyc., p. 719b.

The rights accruing to the citizens of Sherwood, or the town of Sher-
wood, under and by virtue of the terms and requirements of section 9,
article 10, of the Constitution were such as might be waived or con-
tracted away, and the town of Sherwood and its citizens having by a
valid contract, made, executed and delivered by them and their proper
representatives, agreed with the appellant that, if it would change its
line of road as it was originally mapped out, and come by Sherwood
along the right of way upon which it is now located, they would relieve
it from any and all obligations, if any existed, to pass through the town
of Sherwood, could not be heard now to make any contention in oppo-
sition to the plain terms of such contract and agreement.  Same authori-
ties.  Also, Lewis v. Alexander, 51 Texas, 578; Harmon v. Leberman,
39 Texas Civ. App., 251; Waggoner v. Dodson, 96 Texas, 415; State v.
City of La Crosse, 77 N. W., 167; Penn Mutual Life Ins. Co. v. City
of Austin, 168 U. S., 686.  The proviso in the constitutional enactment
creates a condition precedent.  DeVitt v. Kaufman Co., 27 Texas Civ.
App., 332; Sedgwick St. and Const. Law, 62; Graves v. Deterling, 120
N. Y., 447; Ormsby v. Phoenix Ins. Co., 58 N. W., 301; People v.
Boston, etc., Ry. Co. (N. Y.), 12 Abb. N. C., 230; Waffle v. Gabel

(N. Y.), 53 Barb., 517. The road built on the right of way tendered it, and thus complied with the law. Sec. 9, art. 10, Constitution of Texas; art. 4491, Rev. Stats. Equitable estoppel. Pierce v. Rice Development Co., 52 Texas Civ. App., 205; Woods v. Lowrance, 49 Texas Civ. App., 542; Harrison v. Boring, 44 Texas, 255; Bigelow on Estoppel, 556; Page v. Arnim, 29 Texas, 53-72; Risien v. Brown, 73 Texas, 135.

The railroad company substantially, if not literally, complied with the law in the location of its line. Williams v. Ft. Worth & N. O. Ry. Co., 82 Texas, 559; Old Ladies' Home of Muscatine v. Hoffman (Iowa), 89 N. W., 1066; 39 L. R. A., 637; First National Bank v. Wilson, 62 Ark., 143; State ex rel. Ry. Co. v. City of Camden, 9 Vroom (38 N. J.), 299; Railway Co. v. State, 50 Ala., 172.

The trial court having exceeded its authority in requiring a tender of right of way and the execution of indemnity bonds by the citizens of Sherwood, and a tender of such right of way being a condition precedent before any obligation, in any event, could rest upon the railroad to build into Sherwood, the judgment of the court is void in its entirety. A mandamus or mandatory injunction will not issue to enforce a right which is conditional or incomplete by reason of conditions precedent, which are still to be performed by the petitioner or relator, or strangers to the proceeding. M., K. & T. Ry. Co. v. Fulmore, 26 S. W., 238; Johnson v. Block, 46 S. W., 85; Black on Judgments (2nd ed.), art. 219; H. E. & W. T. R. R. Co. v. Skeeter Bros., 44 Texas Civ. App., 105; Freeman v. Hawkins, 77 Texas, 498; Dunlap v. Southerlin, 63 Texas, 38; Armstrong v. Harshaw, 12 N. C., 187; 2 Spelling on Extraordinary Relief, art. 1385; 26 Cyc. (Mandamus), 154; State v. Carney, 3 Kan., 88; Chicago v. People, 71 N. E., 816; O'Neal v. Reynolds, 48 Pac., 57; Commissioner of Public Schools v. County Commissioners, 20 Md., 449; State v. Dubeclet, 24 La. Ann., 16; State v. Burbank, 22 La. Ann., 298.

The railroad is not required to survey a right of way and depot grounds. Sec. 9, art. 10, Constitution of Texas. The requirement that the railroad survey right of way and depot grounds can not be read into the constitutional provision by implication. Imperial Irrigation Co. v. Jayne, 138 S. W., 539; Chase v. Swayne, 88 Texas, 218; City v. Daley, 58 Fed., 755; Iron Mountain Ry. Co. v. Brashears, 27 S. W., 2.

*B. F. Looney,* Attorney General, *Luther Nickels,* Assistant, and *Snodgrass, Dibrell & Snodgrass,* for defendant in error.—The placing of the property of the corporation in the hands of a receiver of such corporation does not dissolve the corporation nor is such existence of the corporation in any way affected. It may be sued upon causes of action existing against it originating prior to receivership without joining receiver. City Water Co. v. State, 88 Texas, 603.

The requirement that the plaintiff in error should build its line of railroad through the town of Sherwood, under the facts disclosed by the record, was a requirement of a valid law of the State of Texas, to the provisions of which the receivers of the plaintiff in error were expressly subjected by the Federal statute. We submit the proposition

that it became, and now is, the duty of the receivers to operate the road through said town, irrespective of the wishes of the plaintiff in error, because such is the solemn mandate of the law. If the receivers had thought that the requirement was not a valid law and did not care to comply with it, it was their duty to make themselves parties to this litigation voluntarily and to defend the action. Water Co. v. City of Palestine, 91 Texas, 546; City Water Co. v. State, 88 Texas, 600; 5 Thompson on Corporations, secs. 6893, 6894, 6895, 6896.

Suit by the State to establish the obligation of the railroad company to build into the town of Sherwood, the county seat of Irion county, and establish and maintain a depot therein, and to compel it to perform that duty, and to recover penalties for failure to perform same, having been filed before the receivership proceedings, the state court acquired jurisdiction over the entire subject matter and this jurisdiction was not affected by the appointment of a receiver in the United States District Court. It is the duty of the receiver to make himself a party to the proceeding if he desires to urge any defense thereto and not having done so, the judgment rendered in the cause is absolutely binding upon the receiver. Water Co. v. Palestine, 91 Texas, 540; City Water Co. v. State, 88 Texas, 600; Mechanical Trust Co. v. Pittsburg W. R. Co., 29 Fed., 732; T. W. & W. Railroad Co. v. Beggs, 85 Ill., 82.

The pending action by the State of Texas against the plaintiff in error was not abated nor continued by the appointment of receivers in the United States District Court, and jurisdiction of the state court to proceed to final judgment in said cause was in no manner affected by the appointment of such receivers, even if they had been shown to have qualified and been acting as such, which was not shown. Thompson on Cor. (1st ed.), secs. 6893, 6894, 6895; Page v. Supreme Lodge, K. & L. of P., 37 N. E., 369; Weigen v. Council Bluffs Ins. Co., 73 N. W., 862.

The plaintiff in error is in no position to object to the refusal of the court to join the receiver as a party to this action. No one but the receiver could raise such an objection. It was his business and his alone to make himself a party to pending actions. Water Co. v. City of Palestine, 91 Texas, 540; Mer. Ins. Co. v. Jaynes, 87 Ill., 199.

The cause of action of the State against plaintiff in error having accrued prior to the appointment of the receiver, the plaintiff had no right or power to make said receiver a party. He could only be made a party thereto upon his own motion. Decker v. Gardner, 124 N. Y., 339; Thompson on Corporations (1st ed.), sec. 6896.

The State in this case, suing to establish and enforce a constitutional and statutory obligation and penalty against the plaintiff in error under well settled decisions could have instituted said suit, even if a receiver had previously been appointed, without making said receiver a party thereto. The existence of such a receiver would have been no defense to such a suit nor deprive the state court of jurisdiction to enforce said obligations and grant said relief. O. & M. Railway Co. v. Russel, 115 Ill., 52; O. & M. Railway Co. v. Fitch, 20 Ind., 498; McKinney v. O. & M. Railway Co., 22 Ind., 99; Railway Co. v. Cauble, 46 Ind., 277;

Railway Co. v. Wood, 24 Kan., 619; P. & R. R. Co. v. Commonwealth, 104 Pa. St., 80; Peckham v. Duchess' County (N. Y.), 81 Hun, 399; Central Trust Co. v. Wabash, St. Louis & P. R. R. Co., 26 Fed., 11; High on Receivers, sec. 397; 1 Elliott on Railroads, sec. 578; 3 Elliott on Railroads, sec. 1341.

This being a suit to define and enforce a public and contractual duty owed by the corporation, the state courts acquired jurisdiction of the subject matter before the receivers were appointed by the Federal Court and obtained jurisdiction to dispose of the whole matter in controversy. Riesner v. G., C. & S. F. Ry. Co., 89 Texas, 656; City Water Co. v. State, 88 Texas, 600; Water Co. v. City of Palestine, 91 Texas, 546.

The sole right existed in the railway company to survey and locate its right of way and depot grounds within the town of Sherwood at such place as it saw proper. Appellee had no right to locate such right of way or depot grounds and was under no obligation to do so; but the duty rested upon the appellant to survey and locate such right of way and afford the citizens of Sherwood an opportunity to grant said right of way and depot grounds before any obligation existed on the part of said citizens of said town to tender a grant thereto. Miller v. G., C. & S. F. Ry. Co., 65 Texas, 666; State of Mississippi v. M. J. & K. Ry. Co., 86 Miss., 172.

Mr. Chief Justice BROWN delivered the opinion of the court.

For statement of the case we copy from the carefully prepared opinion of Judge Rice as follows:

"This suit was brought by the State of Texas, through its Attorney General, in the District Court of Travis County, on the 7th of July, 1911, against appellant for a writ of mandamus or mandatory injunction to compel it to construct its line of railway through the town of Sherwood, the county seat of Irion County, and establish and maintain a depot therein, and for a penalty of $5000 for having wilfully failed and refused to do so, alleging that said company had constructed its road within less than three miles of said town (which is unincorporated, containing about 400 inhabitants) without passing through the same, and without establishing and maintaining a depot therein, as required by the Constitution and laws of this State, the citizens of said town having tendered to it, prior to the construction of its road, a practicable right of way through its limits and sufficient grounds for ordinary depot purposes therein; further alleging that there were no natural obstacles to prevent said railroad from passing through same, such as streams, hills or mountains, and that the State of Texas and the people thereof have an interest in and right to have said company obey and comply with the provisions of the Constitution and laws of this State, and that they have an interest in having a depot located and maintained in said town for the convenience and transaction of their business with the county officials of said county, and in attending to and transacting business in and with the various courts in and for said county, and for receiving and delivering passengers and freight thereat. And that such

failure on the part of appellant to comply with the Constitution and laws of the State in this respect will subject the people of the State to great inconvenience and expense, that they would not otherwise have been subjected to, if appellant should construct a railway through said town and establish and maintain a depot therein.

Prior to the institution of this suit certain of the citizens of Irion County, residents of Sherwood, instituted a suit in the District Court of Tom Green County against appellant, which is still pending therein, to compel it to construct its roadway through said town of Sherwood, and establish and maintain a depot therein, the allegations of the petition in which case are, in many respects, similar to those in the instant case, and the pendency of which suit is plead in abatement hereof. See Felton v. Kansas City, Mexico & Orient Ry. Co., 143 S. W., 650.

Subject to said plea, and after general denial and special exceptions and specific denial of material allegations in the petition, appellant relied upon and plead a number of affirmative defenses, summarized in its brief as follows:

(a)   The four years statute of limitation.

(b)   Natural obstacles preventive of the construction of the road nearer to the town of Sherwood.

(c)   That the matter of the location of the road had been settled between the railway company and the citizens of Sherwood by virtue of the contract hereinbefore referred to, and specially pleading such contract in bar of this action, and that the citizens of Sherwood, and the town of Sherwood, and the State through them, was estopped to maintain this suit by virtue of said contract, and of the fact that the railway company had acted thereon and had expended large sums of money in the construction of its road, which would have been lost if the route had been changed when it first had any intimation that the route as located was not satisfactory to some of the citizens of Sherwood.

(d)   That the railroad company had complied with all of its legal and constitutional obligations by securing a right of way through the corporate limits of the town of Sherwood while it was incorporated, and were engaged in the construction of its railroad when the corporation was abolished, and that its legal status had already been fixed and could not be changed by the ex parte action of such town and its citizens in abolishing its corporation.

(e)   That the citizens of the town of Sherwood and such town having for a long time known the location of the line of the road and that the road was being constructed thereon, and having procured and tendered to the railroad company the identical right of way upon which the road was constructed, and knowing that the railroad company was relying on this contract, and was expending large sums of money in the construction of its railroad on this located line, had been guilty of laches in asserting any right, and were each and all estopped to demand the construction of the road at any other place, and that the State being in this case merely a formal party, and having instituted this suit for the benefit of Sherwood and its citizens, was also estopped.

(f)  That no tender of right of way or depot grounds had ever been made to the railroad company prior to the institution of this suit.

(g)  That at the time of the institution of this suit the railroad had already been constructed past the town of Sherwood, and that the suit came too late, and that to build an additional line to Sherwood would not be justified by the traffic to be obtained therefrom, and the cost of construction and maintenance thereof would be burdensome and an improper interference with the carriage of interstate commerce, in which the road was engaged.

The case was tried before the court without a jury, and during the progress thereof appellant company was placed in the hands of receivers by an order of the United States District Court for the Northern District of Texas, made on the 9th day of March, 1912; and before the trial of the case had concluded, appellant filed its motion to dismiss this suit, or to suspend it in order to make the receivers parties, which motion was overruled by the court.   And the trial of the case proceeded, which resulted in the court's overruling all the contentions of appellant, and rendering judgment in favor of the State for the sum of $2500 penalty, and further ordering that a permanent and final writ of mandatory injunction should issue, compelling appellant, within thirty days from the date of such order, to survey, locate and establish a reasonable, feasible and practicable route for its right of way into and through said town; and to survey and locate a reasonable and practicable depot site for ordinary depot purposes within said town, and as soon as the same should have been done to give notice in writing to the Attorney General of the State of that fact, and of the completion of the said survey, location and establishment of said right of way and depot site in said town."

It is unnecessary to notice matters which were adjudicated by the court, the judgment made all proper and necessary provisions to protect the railroad company.

The Court of Civil Appeals found and filed this statement of the facts:

"Conclusions of Fact.

"The court finds and concludes from the evidence that the following facts were established, viz:

"1.   That the town of Sherwood is an unincorporated town, situated on the east side of Spring Creek, in Irion County, Texas, and is now and has been continuously since the organization of said county, the county seat of said county, and that its boundaries and location are easily ascertained on the ground by the location, collection and aggregation of the houses constituting said town, as well as the adjacent lots and blocks on which are situated houses in said town, and all of which is fully shown and described on the map of said town set out and included in the judgment in this cause, and recorded in the minutes of this court, and which map shows the outside boundaries of said town.

"2.   That the defendant railway company has constructed and built, and now owns, maintains and operates its line of railroad up and along

the west side of Spring Creek and passing within a distance of less than three miles of said town of Sherwood, towit, about one and one-fourth miles from said town, but does not pass through said town, and defendant has not established and is not maintaining a depot in said town.

"3. That there are no natural obstacles, such as hills, streams or mountains preventing the defendant from building and constructing its line of railroad into and through said town of Sherwood, or from establishing and constructing and maintaining a depot in said town, but that defendant can survey, locate, establish, construct and maintain a feasible and practicable route for its railroad through said town, and can establish, construct and maintain a depot in said town at a convenient and accessible point therein.

"4. That the citizens of said town are now and have at all times since the location of said defendant's railroad in said county, been ready, able and willing to grant to the defendant railway company a right of way through the limits of said town and sufficient grounds for ordinary depot purposes in said town, free of any cost to the defendant on whatever route through said town defendant might select.

"5. That defendant can survey and locate a reasonable and feasible and practicable route for its right of way and roadbed through the limits of said town and sufficient grounds for ordinary depot purposes in said town, and can do so within thirty days, and which is a reasonable time therefor.

"6. That after defendant shall have surveyed and located its said right of way through said town and depot grounds therein, the citizens of said town of Sherwood can secure a grant of the said right of way and depot grounds within ninety days thereafter, and which is a reasonable time therefor, unless the same or some part thereof shall have to be secured by condemnation proceedings, and in such case said citizens can ascertain that fact and execute an obligation to the defendant to hold it harmless from any cost or expense incident to such condemnation proceedings, and that they can do so within said period of ninety days aforesaid.

"7. That after said grant of said right of way and depot grounds shall have been secured, as aforesaid, defendant can construct and build and put in operation its said railroad through said town, and said depot in said town, and can do so within ninety days after said right of way and depot grounds shall have been granted and secured by voluntary conveyances or by condemnation proceedings as hereinbefore provided for, and said time is reasonably sufficient therefor.

"8. That defendant has heretofore surveyed, located, established and constructed its railroad within three miles of said town of Sherwood, the county seat of Irion County, without passing through said town, and without establishing and maintaining a depot therein, and that defendant made no efforts to survey, locate, establish or construct its railroad through said town or a depot in said town, although it could have done so at a reasonable cost, but defendant purposely and inten-

tionally constructed its railroad passing said town and within the distance of less than three miles therefrom, and established a station at Mertzon, a new rival town, about three miles away from said town of Sherwood.

"9.  That had defendant surveyed, located, established and constructed its railroad through said town of Sherwood, instead of where it did construct the same, its said line of railroad would have been about seven-tenths of one mile shorter than its present line, and the cost of expense and maintenance and saving in operation of the line through Sherwood will substantially offset any difference in the cost of construction between said line through Sherwood and defendant's present line, and the difference, if any, between the cost of construction, maintenance and operation of the two lines, is so slight and inappreciable as to be not unreasonable.

"10.  That defendant has never surveyed or located any route for its railroad through said town of Sherwood, or any point for a depot in said town, and never gave the citizens of said town, or said town, an opportunity to grant it a right of way through the limits of said town, and sufficient grounds for ordinary depot purposes, although said town and said citizens were ready, able and willing to do so at all times."

The judgment of the trial court was affirmed by the Court of Civil Appeals and the case is before this court on writ of error.

Article 10, section 9 of our Constitution reads:

"No railroad hereafter constructed in this State shall pass within a distance of three miles of any county seat without passing through the same, and establishing and maintaining a depot therein, unless prevented by natural obstacles, such as streams, hills or mountains; provided, such town or its citizens shall grant the right of way through its limits and sufficient ground for ordinary depot purposes."

The Legislature enacted a statute to enforce that provision, which reads:

"Article 6549 (4491).  Road shall pass through county seat, when.— No railroad hereafter constructed in this State shall pass within a distance of three miles of any county seat without passing through the same, and establishing and maintaining a depot therein, unless prevented by natural obstacles, such as streams, hills or mountains; provided, such town or its citizens shall grant the right of way through its limits and sufficient ground for ordinary depot purposes."

The constitutional provision was intended to subserve the interests of the public who desired or were required to visit the county seat, and was not intended to benefit the owners of property in the town—that might or might not be the result.  The Constitution is mandatory and the duty imposed could not be excused or waived by the citizens of the town.  The railroad company must have surveyed its line and designated its depot site before it could demand of the citizens to procure the right of way and depot grounds.  Miller v. Gulf, C. & S. F. Ry. Co., 65 Texas, 667:  "In order to put the citizens at default, the ap-

pellee should have selected the most practicable route, and surveyed and established it into the town, to within half a mile of the courthouse, and have selected, surveyed, and marked off the grounds necessary for depot purposes, and then have notified the citizens composing the citizens' committee appointed to secure the right of way and depot grounds, and made, in the language of the right of way bond, 'demand' of the same, for the purposes stated. Not until this was done could the citizens have proceeded to secure, by purchase or condemnation, the titles to the land. Until this was done they could not have known what ground to secure, by purchase or legal process; nor had the citizens the power to have instituted proceedings in their own names, to condemn the land. It was alone by the railway company that these proceedings could be instituted." The duty to pay for the right of way and depot grounds did not devolve upon the citizens until the survey was made by the company, hence the failure of the citizens to take action in that matter is no defense to this action by the State.

From the facts as stated by the Court of Civil Appeals it appears that the railroad company has complied with neither the statutory nor the constitutional requirements. There is no question of law to be discussed. No error is shown. We see no ground for reversing the judgment unless it be that the writ of mandatory injunction was improperly granted—which we will now examine.

The facts of this case justify the judgment awarding the writ of mandamus. The railroad company had failed and refused to perform an unquestionable duty to the public, and the District Court had authority to compel the performance of that duty. The appointment of a receiver by the Federal Court did not interfere with the jurisdiction of the State court over the corporation, and would not prevent the enforcement of any judgment against the corporation which would not interfere with the receiver's possession and control of the property. Palestine Water & P. Co. v. City of Palestine, 91 Texas, 540, 44 S. W., 814, 40 L. R. A., 203; Calhoun v. Lanaux, 127 U. S., 634, 8 Sup. Ct., 1345, 32 L. Ed., 297.

What effect has the appointment of the receiver for the railroad property in this case? When the receiver was appointed, right of possession of the property of the corporation vested in the receiver and the State court had no power to require the corporation to do any act which would interfere with the possession by the receiver of its railroad track or other property. But the State court had jurisdiction to determine the issues between the State and the corporation. See authorities cited above. The proceeding in the United States District Court furnishes no obstacle to granting the mandatory process against the corporation, but is to be considered in the enforcement of the command. Of the granting of the writ of mandamus, Merrill on Mandamus, section 78, states the rule thus: "This writ will be denied when, for any cause, it becomes legally impossible, or rather ceases to be a legal duty."

The District Court having granted the writ and conditions having arisen which renders it legally impossible for the corporation to comply

we believe its enforcement should be suspended until conditions shall so change as to put it in the power of the corporation·to obey.   We find no reversible error in the judgment.   It is therefore ordered that said judgment be so reformed as to suspend the issuing of the mandatory writ until the railroad shall be restored to the corporation, or it be otherwise enabled legally to obey the mandate of the court, and as thus reformed the judgment is affirmed with costs against the plaintiff in error.

*Reformed and affirmed.*