J. S. BOGGS & BRO. v. J. C. BROWN, RECEIVER, ET AL.

No. 3222.

1. **Liability of Railway During Receivership.**—The receiver having been discharged and it being shown that assets had gone into possession of the railway company which would render it liable to plaintiff's demand, the court should have overruled the exceptions filed in its behalf, and have tried the case, the railway company under such circumstances being the proper defendant. Brown v. Gay, 76 Texas, 444.

2. **Cases Adhered to.** — Railway v. Johnson, 76 Texas, 421; Railway v. Overheiser, 76 Texas, 437; Railway v. Griffin, 76 Texas, 441; Railway v. Geiger, 79 Texas, 13; Railway v. Miller, 79 Texas, 81, adhered to.

ERROR from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*T. L. Stanfield* and *H. P. Teague,* for plaintiffs in error.—1. The plaintiffs in error were not parties to the decree rendered by the Circuit Court for the Eastern District of Louisiana, under which it is claimed, and the judgment of the District Court in effect holds in this case that all other courts were deprived of jurisdiction. These appellants not being parties to said decree, could not be bound by it. Freem. on Judg., secs. 118, 154, 155, 191; Shelby v. Bacon, 10 How., 56; Williams v. Gibbs, 17 How., 239; Green v. Crighton, 23 How., 90; An-

drews v. Smith, 6 Fed. Rep., 933; In re Howard, 9 Wall., 175; Railway v. Davis, 62 Miss., 271; 26 Am. and Eng. Ry. Cases, 428; Railway v. Johnson, 76 Texas, 421; Brown v. Gay, 76 Texas, 444; Railway v. Griffin, 76 Texas, 441.

2. The receiver, Brown, though appointed by the law, was de facto the agent of defendant in error. The plaintiffs and the property are therefore responsible for his acts. The appellants allege that receiver Brown when discharged delivered the property into the hands of the Texas & Pacific Railway Company, and that it was the same company of which he was appointed receiver, and not a different company to whom delivery was made after sale, and that during his receivership he expended $3,000,000 in the improvement and betterment of said road and property. Loan Co. v. Railway, 29 Fed. Rep., 416; Ryan v. Hays, 62 Texas, 47, 48; Railway v. Johnson, 76 Texas, 421; Brown v. Gay, 76 Texas, 444; Railway v. Griffin, 76 Texas, 441.

3. The effect of the judgment of the court is that the decree of the Circuit Court of the Eastern District of Louisiana created a statute of limitation by judicial authority, which power is vested solely in the legislative branch of the government. Cool. on Con. Lim., 110, 111; Ex Parte Shrader, 33 Cal., 279; Railway v. Johnson, 76 Texas, 421.

4. The order of the Circuit Court of the Eastern District of Louisiana of October 26, 1888, in so far as it purports to bar all claims not presented by intervention at New Orleans, is void, because it is in direct violation of Act of Congress of March 3, 1887. Under this statute, section 3, the appellants could prosecute their suit in any court having jurisdiction of the subject matter without first having secured the consent of the Circuit Court. Dillingham v. Anthony, 11 S. W. Rep., 139; Beach on Receivers, sec. 327.

5. It is in violation of the appellant's rights with reference to property of appellee in Texas. Act 1887, sec. 2; Gen. Laws 1887, p. 120, sec. 6; Bean v. Watkin, 26 Fed. Rep., 73; Brien v. Ins. Co., 96 U. S., 627; Orvis v. Powell, 98 U. S., 178; Swift v. Smith, 102 U. S., 450; Moseby v. Burrow, 52 Texas, 396; Railway v. Johnson, 76 Texas, 421.

6. Under well established principles of equity the original property which came into the hands of receiver, irrespective of what may have been added by way of renewals and betterments, may be followed in any court of competent jurisdiction and impressed with the lien created by the legal claims against the receiver, de facto agent of the company. Loan Co. v. Railway, 7 Fed. Rep., 542; 17 Am. and Eng. Ry. Cases, 277; Howard v. Railway, 7 Wall., 392; In re Howard, 9 Wall., 175; Adams' Eq., 308, 309; Story's Eq., secs. 1251, 1252; 1 Perry on Trusts, 241, 242; 2 Pome. Eq. Jur., 1046, 1047, 1048; 2 Mos. on Corp., secs. 780, 789, 790, 794.

STAYTON, CHIEF JUSTICE.—This action was brought by appellants against John C. Brown, while receiver in charge of and operating the Texas Pacific Railway under appointment of the Circuit Court of the United States, to recover damages for delay in transportation and delivery of cattle shipped over the road while so operated. Pending the action the receiver was discharged; whereupon plaintiffs amended their pleadings, setting up the discharge of the receiver, and alleging facts showing that the property theretofore under his control had been returned to the company without sale, and greatly augmented in value by the expenditure of earnings of the road, which would have been subject in the hands of the receiver to the payment of such a claim as plaintiffs were asserting. That amendment asked that the railway company be made a defendant, and this was done.

The receiver and the railway company both set up his discharge, and the former asked that the action be discontinued as to him, while the railway company excepted to the petition generally and on the ground that the order discharging the receiver, which was made an exhibit to plaintiffs' amended petition, relieved it from liability on any claim against the receiver which had not been prosecuted in the Circuit Court of the United States by intervention within the time prescribed by the order discharging the receiver.

The court abated the action as to the receiver, sustained the exceptions of the railway company, and dismissed the action.

The discharge of the receiver being made to appear by the pleadings of all the parties, the court properly discontinued the action as to him, for a judgment against him would have been fruitless. Brown, Receiver, v. Gay, 76 Texas, 444.

The receiver having been discharged, and it being shown that assets had gone into possession of the railway company which would render it liable to plaintiff's demand, the court should have overruled the exceptions filed in its behalf and have tried the case, the railway company under such circumstances being the proper defendant. Brown v. Gay, 76 Texas, 444.

The liability of the railway company under the facts pleaded has been so often decided, it is not now necessary to again discuss that question. Railway v. Johnson, 76 Texas, 421; Railway v. Overheiser, 76 Texas, 437; Railway v. Griffin, 76 Texas, 441; Railway v. Geiger, 79 Texas, 13; Railway v. Miller, 79 Texas, 81.

For the error of the court in sustaining the exceptions of the railway company and dismissing the cause, the judgment will be reversed and the cause remanded in so far as it affects that company. It is so ordered.

*Reversed and remanded.*

Delivered October 30, 1891.

Justice HENRY did not sit in this case.