ADVANCE–RUMELY THRESHER CO. v. MOSS et al. (No. 6064.)

(Court of Civil Appeals of Texas. April 9, 1919. On Motion for Rehearing, June 18, 1919.)

1. CORPORATIONS ⟷666—FOREIGN CORPORATIONS—VENUE—LOCAL AGENT'S COMMISSION CONTRACT.

Terms of commission contract relative to sale of goods of foreign corporation and the evidence adduced *held* to constitute corporation having the contract local agents, so that suit against foreign corporation was properly brought in county in which agents were located, as authorized by Rev. St. 1911, art. 1830, § 24, and article 1861, though foreign corporation had main office in other county.

2. CORPORATIONS ⟷666—FOREIGN CORPORATION—ACTION—VENUE — AGENCY CONTRACT.

If terms of contract constitute party local agent of foreign corporation, suit in county of residence of which is authorized by Rev. St. 1911, art. 1830, § 24, stipulation of contract that agent has no authority to accept process, etc., is of no effect.

3. JUDGMENT ⟷829(1) — FULL FAITH AND CREDIT—FEDERAL COURT JUDGMENT— FOREIGN CORPORATION.

Where a foreign corporation had been put through receivership proceedings in federal court with ancillary appointment of receiver in Texas, and property of foreign company had been sold to another corporation under decree providing limit of time for filing claims and selling free of claims, judgment of Texas court in action by Texas creditor not submitting himself to jurisdiction of federal court, establishing money demand against purchaser based on claim that creditor had obtained judgment against insolvent corporation before jurisdiction of federal court attached, though appeal was heard thereafter and purchaser was merely a continuation of old corporation having knowledge of claim, *held* not to deny full faith and credit of federal court's judgment.

4. CORPORATIONS ⟷560(5) — PURCHASE OF PROPERTY OF — RECEIVERSHIP PROCEEDINGS —LIABILITY OF PURCHASER.

In a suit by judgment creditor to establish liability of purchaser of property of debtor, a foreign corporation, sold under receivership proceedings in federal court, evidence *held* insufficient to establish that purchaser was a continuation of foreign corporation or was party to any fraud in attempt to defeat claim of judgment creditor.

5. CORPORATIONS ⟷547(1) — INSOLVENCY — TRUST FUND DOCTRINE.

When a corporation becomes insolvent and ceases to be going concern or takes steps which substantially incapacitate it from continuing business, all its assets and property becomes a trust fund for benefit of creditors, subject only to rights of other creditors holding prior valid liens.

6. CORPORATIONS ⟷560(5) — INSOLVENCY — FEDERAL COURT SALE—TRUST FUND DOCTRINE.

Where assets and property of insolvent corporation are transferred to purchaser under federal court decree authorizing sale free of lien, purchaser *held* not liable on trust fund theory to judgment creditor who obtained judgment after receivership proceedings in a suit pending prior thereto and who had not submitted himself to jurisdiction of federal court.

On Motion for Rehearing.

7. APPEAL AND ERROR ⟷768 — BRIEFS — STATEMENT OF FACTS.

Under Supreme Court Rules of Court 40 and 41 (142 S. W. xiv), court will accept unchallenged statement of facts in appellant's brief as part of statement of facts.

8. JUDGMENT ⟷707—CONCLUSIVENESS—PERSONS NOT PARTIES—FRIVOLOUS APPEAL.

Though court refused to rule that an appeal was frivolous, for purpose of awarding costs, such holding would not make applicable the doctrine of stare decisis as against a party not party to suit attempting to base liability for fraud on ground that appeal was frivolous and for delay in attempt to hinder plaintiff in collection of a judgment.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. APPEAL AND ERROR ☞1001(1)—REVIEW—
VERDICT.

A mere suspicion or scintilla of evidence is not sufficient to authorize an appellate court to uphold a verdict based on such evidence.

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Suit by T. C. Moss and others against the Advance-Rumely Thresher Company. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment rendered for defendant.

Burgess, Burgess, Chrestman & Brundige, of Dallas, and S. P. Sadler, of Gatesville, for appellant.

Dewey Langford, of Hamilton, for appellees.

BRADY, J. On November 28, 1913, T. H. Moss recovered a judgment in the district court of Hamilton county, Tex., against the Rumely Products Company in an action for fraud and deceit. The cause was appealed and reversed (175 S. W. 1084); but, while it was pending in the Court of Civil Appeals, the Rumely Products Company became insolvent and was placed in the hands of a receiver of the United States District Court of Indiana, of which state it was a citizen, and an ancillary receiver was appointed by the United States District Court for the Northern District of Texas at Dallas.

The cause was again tried in the district court of Hamilton county, and judgment was rendered in favor of plaintiff on September 27, 1915, from which the products company again appealed, filing merely a cost bond, having in the former appeal filed a supersedeas bond. The second appeal was submitted upon the same briefs as the first and was affirmed by the Court of Civil Appeals (189 S. W. 1199), and the products company did not file any motion for rehearing, nor any application for writ of error to the Supreme Court.

Appellees, as heirs of T. H. Moss, filed this suit in the district court of Hamilton county, on August 13, 1917, against appellant, Advance-Rumely Thresher Company, alleging the recovery of the judgment against the products company, and that appellant had purchased all the property of the products company at the receiver's sale; and alleging that the sale was fraudulent, that appellant was merely a continuation of the products company, that it knew of and was a party to the fraud, that appellees held an equitable lien on the property of the products company after its insolvency, and that they were not parties to the proceedings in the federal courts.

In their amended petition, appellees further alleged that the Moss judgment was not adjudicated in the federal court, and that the receivership was dismissed before the judgment was affirmed; that appellant was a continuation of the products company, and had taken over and was continuing the business in Texas of such insolvent corporation; that with knowledge of appellees' claim and judgment, and for the purpose of defeating the collection of same, appellant became the purchaser and took a large amount of property at Dallas, Tex., belonging to the insolvent corporation, which was known by appellant to be subject to their equitable lien, and which was largely in excess of the judgment.

It was alleged in the petition that appellant was a corporation having its principal office in Dallas county, Tex., but having an agent and representative in Hamilton county, Tex. Appellant filed its plea of privilege, claiming its right to be sued in Dallas county, and alleging that it had no agent in Hamilton county. This plea was contested by appellees, and decision thereon was reserved by the court along with the main case. After the evidence was all introduced, the court overruled the plea of privilege, and retained venue and jurisdiction over the cause.

The defenses of appellant were a general demurrer, special exceptions, pleas to the jurisdiction, and a general denial, as well as special answers. It specially denied that it was a part or continuation of the products company, or that it ever took over the business of such corporation in Texas or elsewhere, or that it was continuing such business, but alleged that it was an independent corporation, having no relationship to the products company. It denied being a successor to the products company, or that the latter was interested in its business, and denied that it had taken over the property of the products company with any fraudulent intent or purpose to defeat appellees' debt. It further alleged that it was chartered under the laws of New York, and was doing business in Texas under a permit.

As further special defenses, it averred the receivership proceedings in the federal courts of Indiana and Texas; the turning over to the original receiver by the ancillary receiver of all the Texas property of the products company, and the orders of the federal court in Indiana barring all claims not presented on or before October 5, 1915; the giving of notice to creditors; that appellees had notice thereof and failed to present their claim for allowance within such time; that, under the orders of the Indiana court, the receiver sold all the properties of the products company under the bid of one Chauncey H. Murphy, and the property was conveyed to his nominee or assign, the appellant in this suit; that the federal court ordered the property conveyed to appellant free of all liens and claims of the creditors of the products company or any one claiming under it; that ap-

pellant paid to the receiver the consideration bid for the property; and that the judgment of the federal court of Indiana enjoined appellees and all others from asserting any lien or claim against the property in the hands of appellant.

The court rendered judgment for appellees for the amount of. the judgment of T. H. Moss, but denied interest thereon. The judgment did not foreclose or establish any equitable lien in favor of appellees, but was a mere moneyed judgment, from which this appeal was taken.

Appellant's brief contains a statement of uncontradicted facts, which is not challenged by appellees, except in one particular, which statement is as follows:

"November 22, 1913, in cause 2091 in the district court of Hamilton county, Tex., T. H. Moss filed suit against the Rumely Products Company for damages growing out of the sale of a threshing machine. Judgment was rendered in favor of Moss, the products company appealed, and the judgment was reversed and remanded March 4, 1915. Judgment was rendered on second trial in favor of Moss September 27, 1915. On appeal this judgment was affirmed October 18, 1916. The first appeal was on supersedeas bond. The second appeal was on cost bond. The second appeal was on the same bills of exception as in first appeal.

"William Connolly & Co. of Hamilton had a commission contract with appellant, and clause 25 provided: 'This agreement is special and limited to the matters herein expressly stipulated and the powers explicitly conferred; second party has no authority to accept or receive service of process in any action against the company, or any notice required to be given the company, or to make any contract or agreement or to incur or assume any liability for or on behalf of the company, except as herein specifically provided or when thereunto particularly directed by the company in writing.'

"William Connolly & Co. never did any business in Hamilton county for the appellant under the contract. Appellant never at any time had an office at Hamilton, Tex., or in that community, and have no office at any other place in Texas, than Dallas, in Dallas county. The people who organized and are at the head of appellant never had any connection with the Rumely Products Company. Finley P. Mount never had any connection with the Rumely Products Company.

"Hon. Dewey Langford was the attorney for T. H. Moss and had charge of the collection of this judgment. He knew in January, 1915, while submitting the first appeal, that the Rumely Products Company was in receivership; neither he nor Moss nor plaintiff ever filed any claim in the receivership proceedings.

"The first execution issued on the judgment against the Products Company on October 27, 1915, returned no property found. An alias issued November 29, 1915, another issued April 22, 1916, the latter two to Dallas county; the last one returned no property found in Dallas county.

"F. A. Jones was branch manager for the products company when it did business in this state. He was branch manager for the appellant at time of filing and trial of this suit. F.

A. Jones was ancillary receiver under appointment of the District Court of the United States for the Western District of Texas.

"The sheriff of Dallas county presented execution twice to F. A. Jones. The first time Jones informed him that the property of the products company was in hands of receiver.

"In cause No. 96 in equity in the District Court of the United States for the District of Indiana, styled Oliver Chilled Plow Works v. Rumely Products Company, on January 19, 1915, Finley P. Mount was appointed receiver of all the properties of the products company throughout the United States, and foreign countries. The receiver qualified same day. The District Court of the United States for the Western District of Texas on January 21, 1915, appointed F. A. Jones ancillary receiver of all the properties of the Rumely Products Company in Texas, requiring said Jones to act under the jurisdiction of the Indiana court. Jones qualified January 22, 1915. On February 11, 1916, Jones as receiver filed his report in the Texas court showing that he had taken charge of all the property of the products company in Texas and asking authority to deliver same to the principal receiver. On February 12, 1916, the ancillary receiver was ordered to turn all of the property over to the principal receiver. This was done, and receipt of principal receiver approved February 15, 1916, and Jones was discharged.

"On June 11, 1915, the Indiana court made an order limiting the time to the first Monday in September, 1915, in which claims might be filed for approval, and barring all claims not presented within that time. The time was extended to October 5, 1915, by subsequent order. Notice was given to creditors in accordance with the order.

"On November 2, 1915, the Indiana court ordered the properties of the products company sold by the receiver as master in chancery. Chauncey H. Murphy became the approved bidder at the sale, confirmation was had, and the receiver, master in chancery, and Rumely Products Company were ordered to make deed to him or his nominees or transferees for said property to be free from lien and claims of creditors. The transfer to appellant of the bid of Chauncey H. Murphy was duly approved by the court. The property was duly transferred to appellant December 28, 1915, free of liens and claims of creditors of the products company.

"Appellant was chartered under the laws of New York, September 14, 1915, and was granted permit to do business in Texas December 20, 1915."

The only respect in which the above facts are challenged by appellees is in relation to the agency of William Connolly & Co., to the effect that they never did any business in Hamilton county for appellant under the contract. Appellees point out that the statement of facts shows that some business was done by the above firm for appellant, under and during the life of the commission contract; and, with this exception, the above statement is adopted as part of the facts of this case.

The trial court filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"(1) That defendant is a foreign corporation having a permit to do business in this state and having an agent in Hamilton county, to wit, William Connolly & Co., and that plaintiff resides in Hamilton county.

"(2) I find that part of plaintiffs' cause of action arose in Hamilton county, Tex.

"I find: That T. H. Moss filed suit in this court against Rumely Products Company on the 22d of November, 1913. That judgment was rendered in his favor on the —— day of April, 1913, which judgment was reversed on appeal on the sole issue that plaintiff failed to show what it would cost to prepare the crop for market. That said cause was tried on the 27th of September, 1915, and resulted in judgment for plaintiff in the sum of $1,798.11. That said defendant appealed this cause, and on the —— day of October, 1916, it was affirmed. That said appeal was without supersedeas and fictitious, for the purpose of preventing the said Moss from proving up his judgment, and having it paid by the receiver of the Rumely Products Company, which purpose was known to and participated in by defendant in this suit.

"That said Moss departed this life in January, 1916, and the plaintiffs are his children and sole heirs at law, and as such are the owners of said judgment, which is unpaid. That T. C. Moss is the duly qualified and acting guardian of the estate of J. R. Moss, a minor. That the estate of T. H. Moss has been duly administered and settled.

"I find that the Rumely Products Company became insolvent and a receiver was appointed in the federal District Court of Indiana about the 20th of January, 1915, when suit was filed by the Oliver Chilled Plow Company, which was more than a year after Moss had brought suit in this court. I further find: That there were no liens nor mortgages held by any of the creditors of said insolvent corporation. That the style of the suit in federal court of Indiana was Oliver Chilled Plow Company v. Rumely Products Company, No. 96, in equity, in which Finley P. Mount was appointed receiver. That said suit was in its nature friendly, and in aid of the jurisdiction of the federal court of Indiana ancillary proceedings were filed in the Federal District Court for the Northern District of Texas, at Dallas, in which F. A. Jones, who was at the time state manager in Texas of the Rumely Products Company, was appointed ancillary receiver. That said F. A. Jones reported to the court that there were no claims in Texas, aside from certain commission claims, against the Rumely Products Company, though at the time said Jones knew that the suit of Moss against said company was pending. That the purpose of said Jones in so reporting that there were no claims against the company, and in failing to report the pending suit by Moss against the Rumely Products Company, was to hinder and delay the collection of the claim. That the defendant purchased the property knowing of the pendency of said suit of T. H. Moss. That said F. A. Jones, who was state manager of the Rumely Products Company and ancillary receiver, was appointed state manager of the defendant when it secured a permit to do business in Texas on the 20th day of December, 1915, and has been state manager ever since.

"That the Rumely Products Company surrendered its permit to do business in Texas on the 3d of April, 1916, and since said date has owned no property in this state.

"That execution against the Rumely Products Company issued to Hamilton county and also to Dallas county, in 1915, but were returned unsatisfied.

"That the federal court of Indiana in the receivership proceedings against the Rumely Products Company decreed that all claims against said company not filed in said court by the 5th day of October, 1915, should be barred.

"That the Rumely Products Company, the M. Rumely Company, and the Canadian Rumely Company, though separate corporations, were conducted as one concern, and receivership proceedings were pending against the M. Rumely Company at the same time in the same court in which receivership proceedings against the Rumely Products Company were pending.

"The Rumely Products Company was never a manufacturing concern, but sold the products manufactured by other concerns, among which were the products of the Advance Thresher Company.

"That one Murphy submitted a bid which was accepted at the receivership sale which was transferred to the defendant, which became the purchaser of all the property of the Rumely Products Company.

"That the bid submitted and accepted for the Rumely Products Company's property was the payment in full of certain debts of said company and a certain percentage on other debts of said company.

"That the federal court in the receivership directed the receiver to make himself a party to any pending litigation against the Rumely Products Company as he might be advised, but that said F. A. Jones, ancillary receiver, failed to make himself a party to the suit of Moss against said company, his object being to defeat the collection of Moss' claim, and this was known to the defendant, or could have been known by reasonable diligence.

"That the object and purpose of the Advance-Rumely Thresher Company were to take over the business of the Rumely Products Company, as a going concern, and continue the same, and it is an integral part of the Rumely organizations and as such bought the property, subject to the equitable lien of the plaintiffs.

"That the property of the Rumely Products Company in Texas, taken over by the defendant, was of the reasonable value of $40,000.

"That neither T. H. Moss nor the plaintiffs were ever notified or knew of the pendency of the ancillary receivership proceedings in Dallas, Tex. That Moss' attorney knew by reading in the press about the 20th of January, 1915, that a receiver had been appointed for the Rumely Products Company, but was never notified in what court said proceedings were pending, nor of the appointment of an ancillary receiver.

"That after the sale of the property of the Rumely Products Company the suit of the Oliver Chilled Plow Company against said Rumely Products Company, both in the federal court at Dallas and at Indianapolis, was dismissed and is no longer pending in either of said courts.

"Conclusions of Law.

"I conclude: That the district court of Hamilton county, and the federal District Court of

Indiana and of the Northern District of Texas, are courts of concurrent jurisdiction, and that the former court, having first obtained jurisdiction of the subject-matter and the persons in T. H. Moss v. Rumely Products Company, was entitled to hold jurisdiction of said cause until complete relief was administered, and that the object and purpose of this suit is to render effective the decree in the former suit.

"That the federal court was without power to fix a period of limitation for a judgment obtained in the district court of Hamilton county, in a cause in which the plaintiff was not a party in said federal court, and in which through the fraud of the ancillary receiver he was not given an opportunity to intervene.

"That the defendant became the purchaser of the property of the Rumely Products Company, knowing that the purpose of the sale was, as to T. H. Moss, to hinder and delay the collection of his claim.

"That on the Rumely Products Company's becoming insolvent and ceasing business, and no creditors holding liens or mortgages, all its property became a trust fund to pay its creditors, and the defendant, a continuation of said Rumely Products Company, took the property subject to the equitable lien of plaintiffs securing the judgment of T. H. Moss v. Rumely Products Company.

"I further conclude that it would be inequitable to allow plaintiffs interest on the judgment obtained by T. H. Moss on the 27th of September, 1915, to this date; wherefore judgment is for plaintiffs in the sum of $1,798.11, with legal interest from this date.

"To which conclusions of facts and law the defendant excepts, which is here noted."

### Opinion.

This appeal presents a number of interesting and some difficult questions, but we will not undertake to consider the assignments in detail. In this opinion we will discuss only the more important, and what may prove to be the controlling questions in the case. All of the questions not discussed have, however, been carefully considered, and, in the main, determined against appellant's contention.

As will be hereinafter indicated, we have decided that this cause must be reversed and remanded for another trial. In view of that disposition of the case, it becomes necessary to decide, and we will first consider, the question of the proper venue of this case and the alleged errors of the trial court in overruling appellant's plea of privilege.

[1] The court below held that the venue was properly laid in Hamilton county, upon two grounds: First, that appellant was a foreign corporation having a permit to do business in Texas, and having an agent and representative in Hamilton county; and, second, that a part of appellees' cause of action arose in Hamilton county.

We are of the opinion that the trial court did not err in overruling the plea of privilege and in retaining venue and jurisdiction of the cause. Article 1830, § 24, Revised Statutes, provides that a suit against a private corporation may be commenced in any county in which the cause of action or a part thereof arose, or in which such corporation has an agency or representative, or in which its principal office is situated. Article 1861, Revised Statutes, authorizes service upon a foreign corporation by serving any local agent within the state.

It appears from the evidence that at the time service was had upon appellant, and at the time it filed its plea of privilege, William Connolly & Co. were the agents and representatives of appellant in Hamilton county, Tex., under a commission contract. This contract was in writing and is too lengthy to state all of its features. It suffices to say that in terms it authorized William Connolly & Co. from its date, December 14, 1916, to November 1, 1917, to solicit and take orders from customers for the goods of appellant, which included machinery, attachments, repairs, and other incidental merchandise. The contract further provided for other duties on the part of William Connolly & Co. incident to the soliciting of orders and selling of appellant's goods, but provided that all sales should be subject to the approval of appellant. The contract is very complete in relation to the transaction of the company's business by such agents, and we think manifestly invested such firm with the authority to transact the business of appellant in Hamilton county. The evidence shows that it was the usual, if not the only, form of commission contract employed by appellant in doing business on commission through its various agents throughout the United States and foreign countries. It was also shown, as contended by appellees, that the contract was acted upon by William Connolly & Co., and some business for appellant was transacted by them during the life of the contract. There was no satisfactory evidence of its abandonment.

[2] In the contract, however, it was stipulated that such firm should not have any authority to accept or receive service or process in any legal action against the company and it is claimed by appellant's counsel that this operated to deprive William Connolly & Co. of the capacity to act as its agents or representatives in Hamilton county, at least for the purpose of venue.

We are unable to agree with this contention. The question is to be determined by the facts, and, if William Connolly & Co. were in fact the agents and representatives of appellant in the transaction of its business, it was not competent for the parties to defeat the operation of the statute above cited by a special contract or limitation of authority. Being of the opinion that William Connolly & Co. were the local agents and representatives of appellant, and residing in Hamilton county, and that the statute authorized the suit to be brought there, appellant's assignments of error assailing the overruling of the plea of privilege are each overruled.

[3] By several assignments of error appellant raises the question of jurisdiction of the

state court, claiming that in entertaining this suit the district court thereby invaded the jurisdiction of both the United States District Court of Indiana and of the Northern District of Texas, and denied to the judgments, orders, and decrees of the federal courts the full faith and credit guaranteed by the federal Constitution. It is claimed in diverse ways that the federal courts had assumed exclusive, jurisdiction over the property, the creditors, and the debtors of Rumely Products Company, and had enjoined all persons from asserting any lien, claim, or demand against the properties of such company, and from fixing any lien against the same by virtue of process out of the state courts, or any other court than the Indiana federal court; and that appellant holds title to the property of the products company under and by virtue of the judgment of the federal court, free from any claim, interest, or lien of appellees against the property; and that the action of the trial court in this case was an invasion of the jurisdiction, and is in effect a refusal to give the judgments and orders of the federal courts full faith and credit.

The questions are important and not free from difficulty; but we have reached the conclusion that the judgment of the trial court, establishing merely a moneyed demand in favor of appellees against appellant and providing for execution, neither invades the jurisdiction of, nor denies, full faith and credit to the judgments and orders of the federal courts, or either of them.

It is claimed that the federal court by final order barred all claims and demands against Rumely Products Company not filed in the Indiana court on or before October 1, 1915; and that, appellees' counsel having known of the existence of the federal receivership prior to that date, they should have intervened or set up their claims or judgment, which was affirmed on second appeal by the Court of Civil Appeals on October 18, 1916.

While it is true that appellees might have thus submitted themselves to the jurisdiction of the federal court, they were not required so to do. At the date provided in the order of the federal court for final filing of creditor's claims, the judgment of appellees against the products company had not reached that stage of finality which authorized it to be admitted in evidence as a valid and subsisting claim against the company. Under our Constitution and statutes, the products company was given the right of appeal, of which it availed itself, and the case was still pending and undetermined in the state courts, when the period of limitation, fixed by the federal court, expired. Under these circumstances, while appellees might have done so, they were not required to abandon the forum in which they had elected to try their suit, and to resort to the federal court for the protection of their claim. It appears from the evidence that they were never parties nor ever submitted themselves to the jurisdiction of the federal court; and, in our opinion, it was beyond the power of the federal court to bar them by any order from prosecuting the litigation in the state courts to a finality. Texas Trunk R. R. Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030; Waples-Platter Grocery Co. v. T. & P. Ry. Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353.

The state and federal courts were courts of concurrent jurisdiction, and the suit had been instituted in the district court of Hamilton county and carried to the appellate court before the jurisdiction of the Indiana federal court had attached, and we can see no invasion of the jurisdiction of the latter court or of the federal court at Dallas in the state court's having permitted appellees to institute and maintain this suit against appellant, based upon the judgment obtained against Rumely Products Company for a moneyed demand. We do not think this proceeding in any wise impairs the judgments or decrees of the federal courts, or in any respect denies full faith and credit to them. T. & P. Ry. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; same case 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; H. & T. C. R. R. Co. v. Crawford, 88 Tex. 277, 31 S. W. 176, 28 L. R. A. 761, 53 Am. St. Rep. 752; Ry. Co. v. State, 106 Tex. 249, 163 S. W. 582; Boggs v. Brown, 82 Tex. 41, 17 S. W. 830; Ry. Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Ry. Co. v. Geiger, 79 Tex. 13, 15 S. W. 214; R. R. Co. v. Sims, 26 S. W. 635.

For the reasons indicated, the assignments raising purely the questions last discussed are overruled.

. [4] In several assignments in the brief, appellant substantially presents the question that the trial court erred in its findings, and in entering judgment against appellant, and holding that Rumely Products Company and the ancillary receiver, F. A. Jones, were guilty of fraud and hindered and delayed the collection of the judgment of T. S. Moss, all of which was known to appellant when it purchased the property of the products company; and in finding that appellant and Rumely Products Company were consolidated corporations, and that appellant was a mere continuation of the products company; and in finding in effect that appellant was a party to the alleged fraud of the ancillary receiver, Jones, and Rumely Products Company. The substance of these claims is that there is no evidence to sustain these findings and the judgment of the trial court; and, in addition to the questions of jurisdiction above discussed, it is further claimed that the question of fraud in the sale of the properties by the federal court cannot be inquired into by the state court, and constitutes a collateral attack upon and impeachment of the decrees and judgments of the federal courts.

Upon the question of fraud, assuming that it is a matter which may be inquired into and determined by the state court, we are of the opinion that the evidence in the record wholly

fails to sustain the findings of the trial court. Appellees claim that the Rumely Products Company prosecuted a fictitious appeal in the second suit, for the purpose of hindering, delaying, and defeating the collection of the judgment; but the evidence does not sustain the contention. Upon the second appeal it appears that the claim was made that the appeal was prosecuted solely for delay, and appellees asked this court to affirm the case with 10 per cent. damages. This request was denied, and this court thus, in effect, held that the appeal was prosecuted in good faith. It is further insisted that F. A. Jones, the ancillary receiver, reported to the federal court at Dallas that there were no claims against the company or the property in Texas, when he knew as a fact that the Moss suit was still pending against the products company. This seems to be an undisputed fact, which Jones undertook to explain in his testimony; and, whatever may be said of his explanations, we think the proof inadequate to show actual fraud or a conspiracy between Jones and the products company to defeat the collection of the Moss judgment. But be this as it may, there does not seem to be the slightest testimony in the record to show that appellant participated in or knew of the alleged fraud of the ancillary receiver of the products company, or that it even knew such a claim as the Moss judgment existed. We have not only examined the statements in appellees' brief under their counter propositions, but we have taken the pains to go through the statement of facts to ascertain the evidence upon this point, and also upon the questions arising from the findings of the court upon the identity of appellant and Rumely Products Company as corporations. We have failed to find any facts of sufficient probative force to sustain the findings upon the issue of fraud, especially as imputing fraud to appellant.

When we come to consider the findings of the trial court that the object and purpose of appellant were to take over the business of the products company as a going concern, and continue the same, and that it was an integral part of the Rumely organizations, and as such bought the property subject to the equitable lien of appellees, and that it was a continuation of the Rumely Products Company, we find the evidence still more meager and unconvincing. Appellees' counsel on this point refers to the fact that in the complainant's bill in equity, filed in the federal court of Indiana, it was alleged that the purpose of the appeal was to keep the Rumely Products Company a going concern, so that it might still be employed as a sales agency; and that it was intimately related and connected with M. Rumely & Co., the Canadian Rumely Company, and the Advance Thresher Company, which were all manufacturing concerns, and whose products were sold by the Rumely Products Company. We consider these circumstances, if they may be termed such, as of but slight importance. These were but the averments of the complainant, the Oliver Chilled Plow Company, and were not chargeable to appellant. Furthermore, it has not been shown that appellant had any connection whatever with any of these several companies; the above-named Advance Thresher Company being an entirely different corporation from appellant.

Again, it is urged that the articles of incorporation of appellant show that its capital stock was $50,000, and that only the names of stockholders owning $1,000 of the capital stock were given, and that it does not appear who owns the remaining $49,000. This is termed by appellees a suspicious circumstance, and that, as the true facts were peculiarly within the knowledge of appellant, it should have shown the personnel and identity of its stockholders.

We think the position untenable. Appellant's charter and the evidence show that none of the organizers or officers of appellant were connected with or had any interest in the Rumely Products Company; that it was apparently a separate and distinct corporation and legal entity. The burden to establish its identity with the products company, and that it was a mere continuation thereof, seems manifestly to have been upon appellees, and appellant owed no duty to prove the names or supposed connection of its stockholders with the Rumely Products Company.

Appellees further refer us on this point to certain allegations in the petition of Oliver Chilled Plow Company in the receivership proceedings in Indiana in relation to the business practices and connections of the products company, the M. Rumely Company, and the Canadian Rumely Company, and to the answer of the products company, admitting all the averments of the bill of complaint.

Aside from the consideration that these averments and admissions were not made by appellant, nor apparently with its authority, we think the circumstance of very little, if any, weight.

We believe we have stated substantially all of the facts and circumstances relied upon by appellees in their brief upon these questions, and we have searched the statement of facts for any additional evidence that might tend to support the findings and judgment of the trial court. When all the facts recited in the briefs and shown by the record are marshaled, we find them wholly insufficient, and the findings and judgment must, in our opinion, be held to be against the overwhelming weight of the evidence, if not entirely without support in the evidence. For this reason, independently of all other questions, we think the case must be reversed.

In Sugg v. Smith, reported in 205 S. W. 363, this court had occasion to consider a similar question, and the opinion contains a very full discussion of the subject. To prevent unnecessary elaboration in the present opinion, we

refer to the report of the Sugg Case for the principles and rules of law controlling this subject; and especially to the authorities reviewed and cited with approval by this court at pages 370 to 372.

We are not able to say that the case has been fully developed upon the question of the identity of appellant with the Rumely Products Company, and, as we have adopted the view that appellees might prove facts entitling them to recover upon that theory, the case will be remanded for another trial in accordance with the views above expressed,

Appellees earnestly insist in their brief that, independently of any fraud participated in by appellant, and regardless of the alleged identity of appellant with the Rumely Products Company, and the claim that it is a mere continuation thereof, they were entitled to judgment in this case upon the theory that, upon the insolvency of Rumely Products Company, and when it ceased to be a going concern, its property became a trust fund for the benefit of creditors, and that, appellant having purchased its properties without seeing that the Moss judgment was paid, or that appellees shared in the ratable distribution of the assets, it became liable to them.

[5, 6] It is settled law in this jurisdiction, and we believe generally, that when a corporation becomes insolvent and ceases to be a going concern, or takes steps which substantially incapacitates it from continuing business, all its assets and property become a trust fund for the benefit of its creditors, subject only to the rights of other creditors holding prior valid liens. Appellant, however, contends that it purchased the property of Rumely Products Company under and by virtue of a decree of a court of competent jurisdiction and at receiver's sale under the orders of the court; and that this protected it in the full enjoyment of the property free from the claims of all creditors whose obligations it had not assumed to pay.

In view of the orders and decrees of the federal court, and the evidence showing the acquisition of title by appellant, we are of the opinion that its contention must be upheld, unless defeated by a showing that it is in fact and in law merely the successor to Rumely Products Company and a continuation of such company.

It would be carrying the doctrine of trust fund too far, and beyond any adjudication of which we are aware, to hold that when a person or corporation buys the property of an insolvent corporation at a receiver's sale authorized by the orders of a court of competent jurisdiction, free from the claims of creditors of the sold-out corporation, it must respond to creditors of the latter who were not parties to the suit, but who were given the usual and customary notice in such cases. In the instant case, not only was there no interference with nor denial of the doctrine of trust fund, but, on the contrary, there was a clear recognition of, and, we must assume, a fair application of, the rule. The estate was administered as a trust fund for the benefit of creditors by the United States District Court of Indiana, and a sale authorized and made to appellant, which assumed to pay off and discharge the claims of certain of the creditors in full, and to make a ratable distribution to the creditors of remaining classes. Under these circumstances, the equitable doctrine invoked has no application, and appellant is protected by the judgment and by the title vested in it through the federal decrees, unless, as we have said, it is liable to appellees upon a different theory. While appellees were free to pursue their remedies in the state courts, and to ignore the federal courts entirely after learning of the receivership proceedings, it was upon the hazard that the trust estate might be administered and distributed by federal decree, or sold to purchasers in good faith, without protecting appellees' claims. This they have seen fit to do, and must now look to such remedies as may be open to them in enforcing their judgment, or the benefits of the judgment obtained against Rumely Products Company, without recourse to the equitable doctrine of trust fund, unless they can prove bad faith on the part of appellant, or its legal identity with the products company.

Again, it is insisted by appellees that under the doctrine of trust fund there can be no such thing as an innocent purchaser, and that a person buying the property of an insolvent corporation, which has ceased to be a going concern, does so at his peril, and must discharge the claims of any creditors which have not been paid or satisfied, even when the purchase is made under the orders of the court. We have been cited to no authority which goes to the extent suggested, and we do not think the contention admissible. If the appellant was required to go behind the orders and decrees of the federal court authorizing and directing the sale, it is our view that it was justified in relying upon the report of the ancillary receiver that there were no claims against the products company in Texas unsatisfied at the time the Texas property was turned over to the main receiver, in the absence of some showing that appellant knew, or had reason to believe, that the report was false, if it was so. Any other doctrine would seriously embarrass, if not practically deny, the administration of such trust estates through the instrumentality of the courts.

We believe we have discussed the principal questions in the case, and indicated our views thereon sufficiently, and, for the errors above pointed out, the case will be reversed and remanded.

Reversed and remanded.

### On Motion for Rehearing.

KEY, C. J. Appellees' able counsel has presented to this court a motion for rehearing,

which has been given careful and earnest consideration, and our conclusions thereon will now be briefly stated.

[7] The motion presents what is termed four assignments of error, the first of which charges that it was error for this court to hold that, unless appellees specifically challenge the several facts set forth in appellant's brief as undisputed facts, this court would accept them as part of its findings of fact. The action of this court in that regard finds support in Rules 40 and 41 (142 S. W. xiv), prescribed by the Supreme Court, regulating procedure in the Courts of Civil Appeals. Besides, with one or two immaterial exceptions, the statement referred to is correct.

The second assignment reads as follows:

"This court erred in holding that the trial court's finding of fact that the Rumely Products Company prosecuted a fictitious appeal from the second judgment in Moss' favor is not supported by legal evidence; and in holding that, as on the second appeal this court refused to award 10 per cent. damages for delay in prosecuting such appeal, such question is now stare decisis, and this court is now precluded from holding differently."

[8] A reading of our former opinion will show that, while reference therein is made to the fact that on the former appeal this court refused to award 10 per cent. damages, upon the ground that that appeal was being prosecuted for delay, we did not hold that the fact referred to made applicable the doctrine of stare decisis. Appellant was not a party to that litigation, and we concede that the ruling referred to, while a circumstance to be considered, should not be construed as precluding appellees from showing that the former appeal was prosecuted by the former appellant for the purpose of defrauding T. H. Moss, under whom the appellees claim.

The motion and argument in support of it do not present any new facts shown by the record to support the claim that the appeal of the Rumely Products Company was fictitious and fraudulent. The point is stressed that the Rumely Products Company, in prosecuting that appeal, used the same briefs they had filed on the former appeal, and that they made no motion for rehearing, and did not make application to the Supreme Court for a writ of error. It is claimed that this shows that the appeal was not prosecuted in good faith. But this does not follow. As to submitting the case upon briefs filed in the former appeal, the record shows that that was done by an agreement of the parties, by which the appellee in that case, as well as the appellant, had the right to use his briefs in the former case.

Other cases have been decided by this court, and no doubt by other intermediate appellate courts, in which no motions for rehearing were filed and no application was made to the Supreme Court for a writ of error, although that court had jurisdiction to revise the judgments rendered by such intermediate courts. Furthermore, appeals are sometimes taken merely for delay, because it is not convenient to pay the debt at that time, and not with any ultimate purpose of defeating such payment. Such an appeal renders the appellant liable for 10 per cent. damages. But such liability, or even a judgment therefor, does not establish the fact that the appeal was prosecuted for the fraudulent purpose of ultimately defeating the plaintiff in the collection of his debt.

The third assignment in the motion assails our holding that there was no evidence, in the record to show that appellant participated in or had knowledge of the alleged fraud of Jones, who was formerly the agent of the products company, and subsequently the agent of appellant after it purchased the property of the products company at the sale made by order of the bankruptcy court.

No evidence is pointed out as showing such knowledge by appellant, or participation in the alleged fraud. The supporting argument is based upon the proposition that Jones was state manager of the products company up to the time of the bankruptcy proceedings; that he was subsequently appointed by the bankruptcy court as ancillary receiver of the property in this state belonging to the products company; and thereafter became the Texas manager for appellant, who purchased all the property belonging to the Rumely Thresher Company at the bankruptcy sale referred to; that Jones sought to defraud Moss, by his failure as ancillary receiver to report Moss' claim to the bankruptcy court.

The appeal referred to was perfected on October 22, 1915, which was not only prior to appellant's purchase of the property of the products company, but prior to the action of the bankruptcy court in ordering its sale. While appellant obtained its charter in the state of New York in September, 1915, it did not obtain its permit to do business in Texas until December 20, 1915, and Jones transacted no business as its agent until after that date; and therefore, whatever he may have done, or whatever knowledge he may have acquired prior to that time, cannot be imputed to appellant. In this state, the doctrine of imputed notice by which notice to an agent is imputed to his principal is limited to notice or knowledge acquired by the agent while engaged in the transaction of his principal's business.

Upon that subject, we quote as follows from the opinion of Chief Justice Gaines, in Texas Loan Agency v. Taylor, 88 Tex. 49, 29 S. W. 1058:

"Whether knowledge which an agent has acquired in a business other than that of his principal can be imputed to the principal, is a question upon which there is a conflict of authority. In Kaufman v. Robey, 60 Tex. 308

[48 Am. Rep. 264], the doctrine is announced that the principal is not chargeable with such knowledge. We think this the correct rule. In Irvine v. Grady, 85 Tex. 120 [19 S. W. 1028], we held that the doctrine that notice to the agent is notice to the principal does not rest upon the theory of the legal identity of the two, but that it should be 'placed upon the ground that, when a principal has consummated a transaction * * * through an agent, it is contrary to equity and good conscience that he should be permitted to avail himself of the benefits of his agent's participation without becoming responsible as well for his agent's knowledge as for his agent's act.' Since the principal, if he had conducted the transaction for himself, would in all probability have ascertained the facts which came to the knowledge of the agent in making the transaction, he should not be allowed to avail himself of the circumstance that he acted through an agent, and to say that, although his agent was affected with notice, he acted in good faith. This principle only applies where the agent acquires his knowledge in the transaction of his principal's business; and we therefore think that the doctrine of imputed notice should be limited to cases of that character."

If Jones possessed any knowledge of an attempt to defraud T. H. Moss, under whom appellees claim, the record utterly fails to show that he acquired such knowledge in the transaction of any business on behalf of appellant; and therefore, under the doctrine which prevails in this state, as announced in the case just referred to, such knowledge cannot be imputed to appellant.

The fourth assignment urges the contention that this court erred in holding that appellant took good title to the property under the federal decree as against a lienholder, who was not a party, and who could not intervene in the federal court, because his final judgment in the state court was not obtained until after the receivership was closed.

It is not perceived how it can be successfully claimed that Moss was a lienholder, or held any lien against the property acquired by appellant at receiver's sale. The contention that the property of the products company became a trust fund for general creditors, upon the insolvency of that company and its ceasing to do business, is fully answered in our former opinion.

In argument on motion for rehearing, it is stated that appellant agreed to pay the debts of the products company when it purchased the property, and that this obligation included the claim of appellees, although it had not been established in the bankruptcy court. The record contains no evidence justifying the conclusion that appellant agreed to pay appellees' claim. On the contrary, it shows that appellant's agreement to pay claims against the insolvent corporation was limited to such as were presented to and allowed by the bankruptcy court.

In conclusion, we deem it not improper to cite the case of Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059, in which it was held that, in order to justify the submission of an issue or an affirmative finding thereon, there must be more than a mere suspicion or scintilla of evidence, and we think that doctrine applies to this case.

[9] The record is void of testimony tending to show that any of the stock of appellant, the Advance-Rumely Thresher Company, is owned or controlled by any person who occupied a similar relation to the Rumely Products Company, unless it be that the partial identity of names of the two corporations, and the fact that appellant, after purchasing all the property of the Rumely Products Company, retained in its employment some of the employés of the former company, including F. A. Jones, who was branch manager for both companies. These latter facts amount to no more than a mere suspicion or scintilla of evidence, and bring this case within the rule announced and applied in the Joske Case. This being the case, and there being no testimony tending to show that appellant participated in the alleged fraudulent conduct of the Rumely Products Company and F. A. Jones, the ancillary receiver, or that it had knowledge of such facts as would put it upon notice of such alleged fraud prior to its purchase of the property of the Rumely Products Company, we feel compelled to adhere to our former holding that the judgment appealed from is not supported by the testimony.

In the motion for rehearing, appellees frankly state that they cannot prove any additional facts on another trial to make their case any stronger, and, if we adhere to our former holding, request that the case be reversed and rendered; and that request will be complied with. Therefore, the former judgment of this court will be modified so that, instead of reversing and remanding the case for another trial, it will be reversed and here rendered for appellant; and in all other respects the motion will be overruled.

Motion for rehearing overruled, and former judgment modified.

Motion overruled. Judgment modified.